# Petition of HENRY J. GILLHAM

85-146.
Decided June 6, 1985.
704 P.2d 1019.

## OPINION AND ORDER FOR RESPONSE TO ATTORNEY

Henry J. Gillham filed his petition for post-conviction relief in this Court on April 1, 1985. Gillham had been convicted in the District Court of the 19th Judicial District of Attempted Deliberate Homicide, with Use of a Weapon, and sentenced to 60 years and 10 years respectively. His judgment of conviction was affirmed on appeal. *State v. Gillham* (1983), [206 Mont. 169,] 670 P.2d 544.

Gillham sought habeas corpus writ in the United States District Court for the District of Montana. His petition was there denied.

Gillham's present petition for post-conviction relief is grounded on allegations that his conviction resulted from improper jury instructions, illegal search and seizure, ineffective assistance of counsel, and denial of right to confront the witnesses against him. He claims these issues were not presented in his appeal due to ineffective assistance of his court-appointed defense counsel.

On receipt of the petition for post-conviction relief, the Attorney General requested the court-appointed counsel, Kerry N. Newcomer, to supply an affidavit relating to the allegations about his representation of Gillham. Newcomer has resisted, though not obstinately, fearing that violation of the attorney-client relationship by revealing confidential information may subject him to disciplinary action.

On May 9, 1985, this Court ordered Newcomer to be named as a respondent in this action and that he respond to the allegations made by Gillham against the quality of his lawyer's services. Newcomer on May 17, 1985, asked for reconsideration and a hearing *en banc* on these issues: (1) Whether Gillham has sufficient comprehension to waive the attorney-client relationship; (2) neither he nor Gillham were given opportunity to object to waiver of the attorney-cli-

ent relationship before the order of May 9, 1985, was entered; (3) naming Newcomer as a respondent puts him in an adverse position to his former client; (4) due process to Gillham was not considered; (5) Gillham was not given an opportunity to claim the privilege; and (6) Disciplinary Rule 4-101(c)(4) should apply only to malpractice or disbarment proceedings and not to petitions similar to Gillham's.

On consideration, it is ORDERED:

(1) The request of Newcomer's for a hearing *en banc* is DENIED.

 (2) While a petition for post-conviction relief alleging inadequate assistance of counsel has been held to be a waiver of the attorney-client relationship relating to privilege (see, e.g., *State v. Moreno* (1981), 128 Ariz. 257, 625 P.2d 320), waiver may be a misnomer in the true sense of that legal term. Waiver is the voluntary relinquishment of a known right. More important than the privilege granted to the attorney-client relationship are the effective administration of justice and the integrity of the fact-finding system in criminal matters. (*Moreno,* supra.) Unlike the usual waiver situation, a petition by one convicted of a crime alleging that his conviction is the result of inadequate assistance of counsel attacks the system of judicial administration and the fairness of our trial procedures. In order that a court faced by a petition such as Gillham's can ensure even-handed justice in criminal adjudications, it must have access to the truth of the allegations. Therefore the comprehension of waiver by a petitioner such as Gillham, or his knowledge and consent to waiver are irrelevant.

Otherwise the courts would be strapped into the possible erroneous or misguided decisions of defendants' trial counsel that may have led a court or a jury unwittingly to an improper conviction. Gillham, by filing his petition and making such allegations about his attorney has opened the gate to those portions of his revelations to his attorney that affect his claims in his petition for post-conviction relief. Gillham is not now in position to object on the ground of privilege.

 (3) The order of May 9, 1985 making Newcomer a respondent in this action is modified and vacated. As an officer of this court, Newcomer is obliged to assist the Court in the administration of justice. Therefore it is his duty and he is hereby ordered to respond by affidavit or other sworn testimony to admit, deny or qualify the allegations of fact made by Gillham in his petition. If making such response requires him to reveal confidential information from Gillham, he shall nonetheless make such response. He need only reveal so much confidential information as is necessary properly to respond

to Gillham's allegations, so that this Court may ascertain the truth of such allegations.

(4) To the extent that Newcomer, in making such response, necessarily reveals confidential information from Gillham, Newcomer shall not be subject to disciplinary proceedings before the Commission of Practice of the State Bar of Montana, nor subject to charges of malpractice.

(5) In future cases of convicted persons filing petitions for relief of any kind from their convictions based in whole or in part on the grounds of ineffective assistance of counsel, if a response from the defense attorney so charged is necessary, the Attorney General shall first apply to this Court for an order preserving such responding attorney from charges of discipline or malpractice for revealing necessary confidential information from such convicted person.

The Clerk of this Court shall serve true copies of this order by ordinary mail upon the Attorney General, upon Kerry N. Newcomer, and upon Henry J. Gillham.

s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/Fred J. Weber, Justice
s/John C. Sheehy, Justice
s/Frank B. Morrison, Jr., Justice
s/L.C. Gulbrandson, Justice
s/William E. Hunt, Sr., Justice