UNITED STATES, Appellee,

v.

Ricky L. LUCAS, Staff Sergeant U.S. Air Force, Appellant.

No. 51677.
ACM 24465.

Sept. 21, 1987.

Certiorari Denied Jan. 19, 1988.
See 108 S.Ct. 751.

For appellant: *Colonel Leo L. Sergi* and *Major Conrad C. Baldwin, Jr.* (on brief).

For appellee: *Colonel Kenneth R. Rengert* and *Lieutenant Colonel Donal F. Hartman, Jr.* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

At his general court-martial by a military judge sitting alone, appellant was convicted, pursuant to his pleas, of use, possession, and distribution of marijuana, and use and possession of cocaine. Also, contrary to his plea, Lucas was convicted of distributing cocaine. These offenses were violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Thereupon, the judge sentenced him to a dishonorable

discharge, confinement for 3 years, forfeiture of $397.00 pay per month for 3 years, and reduction to the lowest enlisted grade. The convening authority approved these results, except for confinement and forfeitures exceeding 32 months. The Court of Military Review affirmed. 19 M.J. 773 (1984).

We granted review of these issues:

I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED BY HOLDING THAT APPELLANT HAD NOT ADEQUATELY "DEMONSTRATED" THAT HE HAD BEEN DENIED A FAIR TRIAL WHERE THE SAME DETAILED TRIAL COUNSEL HAD EXAMINED HIM PRIOR TO TRIAL UNDER A GRANT OF TESTIMONIAL IMMUNITY AND THEN CROSS–EXAMINED HIM AT HIS OWN TRIAL ON THE SAME MATTERS.

II

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED BY HOLDING APPELLANT HAD "WAIVED" THE ISSUE OF TRIAL COUNSEL'S IMPROPER USE OF APPELLANT'S PRIOR IMMUNIZED TESTIMONY UNDER MIL.R.EVID. 103(a) AND THAT SUCH AN ISSUE WAS NOT PLAIN ERROR UNDER MIL.R. EVID. 103(d).

III

WHETHER THE MILITARY JUDGE ERRED BY STRIKING THE PARTIAL TESTIMONY OF A DEFENSE WITNESS (VEST) WITHOUT FIRST INVOKING OTHER ALTERNATIVES.

*Issues I & II*

Lucas had testified under a grant of testimonial immunity at the prior court-martial of Sergeant Aea. Captain David Stephenson, the trial counsel in that case, was also the prosecutor at appellant's trial. However, at no time during the trial did either of appellant's military defense counsel voice any objection to Stephenson's participation as trial counsel.

■ An accused who has testified under a grant of immunity may require the Government to demonstrate that it has not used information or evidence derived from his immunized testimony. However, as cogently explained by the Court of Military Review, the accused must assert his right in order to place this burden on the Government. Only then must the Government show "that their evidence is not tainted by establishing that they had an independent, legitimate source for the disputed evidence." *United States v. Gardner*, 22 M.J. 28, 30 (C.M.A.1986), quoting *Kastigar v. United States*, 406 U.S. 441, 460, 92 S.Ct. 1653, 1665, 32 L.Ed.2d 212 (1972), which, in turn, quoted *Murphy v. Waterfront Commission*, 378 U.S. 52, 79 n. 18, 84 S.Ct. 1594, 1609 n. 18, 12 L.Ed.2d 678 (1964). Absent some defense complaint, there is no reason to protract a trial by requiring the prosecution to establish a negative—namely, that it has not used information or evidence derived from the accused's immunized testimony.

■ If the military judge becomes aware that prohibited use is being made of immunized testimony, then he has some duty to intervene. Since both the good faith of the Government and the constitutional rights of an accused are involved, the judge should not invoke the doctrine of waiver; and upon appellate review, Mil.R. Evid. 103(d), Manual for Courts-Martial, United States, 1969 (Revised edition), will apply. However, nothing in this record would have suggested to the military judge—or now demonstrates to us—that the prosecutor utilized appellant's immunized testimony in any way. There is no indication that any of appellant's guilty pleas were induced in any way by prosecutorial use of information derived from appellant's immunized testimony; the questions posed on cross-examination of Lucas when he took the stand in his own defense do not appear to be derived from his earlier

testimony at Aea's trial; and all the Government's evidence would apparently have been available without any reliance on appellant's immunized testimony.

Although appellant has not convinced us that he is entitled to relief because of Captain Stephenson's participation as trial counsel, some further comments are in order. In the first place, while trial counsel was technically correct when, at the outset of the trial, he answered the military judge's query with the assertion that he had not "functioned in any disqualifying or inconsistent capacity in this case," he might better at that time have informed the judge of his earlier role as prosecutor in a trial wherein appellant had testified under an immunity grant. Certainly, the prosecutor should have been aware of the potential issue created by his participation; and prudence would dictate early resolution of such an issue—rather than having it later disrupt the trial or be a ground for appellate review.

Second, the failure of defense counsel to question the prosecutor's participation seems somewhat puzzling in view of the ease with which the defense can place upon the Government the heavy burden of disproving the use of immunized testimony given previously by the accused. Certainly, it is almost inconceivable that neither of the defense lawyers was aware that Captain Stephenson had prosecuted the earlier case in which appellant had testified. Appellate government counsel have insisted that there were logical reasons for the defense failure to contest Captain Stephenson's participation as trial counsel. For example, they contend that, prior to giving immunized testimony, appellant, through his pretrial statements, had already provided the Government ample information about his activities; and so it would have been fruitless for the defense to have raised any issue about misuse of appellant's immunized testimony. Although we can imagine many reasons for defense inac-

tion, none of them is clearly reflected in the record of trial.

■ Appellate defense counsel have suggested that, absent some explanation for the defense inaction, the specter of ineffective assistance of counsel looms over this case. Nonetheless, appellant has never specifically urged through an appellate assignment of error that trial defense counsel's failure to challenge Captain Stephenson's participation constituted ineffective assistance of counsel under the circumstances here. Keeping in mind that the burden on an accused of demonstrating such ineffectiveness is substantial, *see United States v. Scott*, 24 M.J. 186, 187–89 (C.M.A.1987), further speculation by this Court now would serve no useful purpose.*

### Issue III

Pursuant to Mil.R.Evid. 301(f)(2), the military judge struck part of a defense witness' testimony. The Court of Military Review, for reasons we find convincing, upheld the judge's imposition of this sanction. 19 M.J. at 778–80. Indeed, by striking only part of the testimony, the judge demonstrated his intent to fulfill the purpose of the Rule, as well as his determination to deprive the defense of no more of the evidence it had offered than was necessary to assure fairness to the Government. Appellate defense counsel now suggest alternative remedies, which they insist would have been less drastic and which might have been used by the military judge. However, the time to have urged use of those alternatives would have been in resisting trial counsel's motion to strike, but that was not done. Thus, we fully agree with the court below that the military judge acted properly.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COX concurs.

Judge SULLIVAN did not participate.

---

* Because of the likelihood that the defense failure at trial to assert a claim of misuse of immunized testimony will lead to a later contention that defense counsel was inadequate, a military judge who becomes aware that an accused has previously testified under an immunity grant will be wise to ask the defense whether it wishes to claim use of immunized testimony and then to obtain the accused's concurrence if counsel declines to raise the matter.