UNITED STATES, Appellee

v.

Samuel LAWSON, Sergeant
U.S. Army, Appellant.

No. 93–1151.
CMR No. 9202132.

U.S. Court of Military Appeals.

Argued June 1, 1994.

Decided Sept. 22, 1994.

For Appellant: *Captain Christopher W. Royer* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel James E. Weise, Captain Michael A. Egan* (on brief).

For Appellee: *Captain J. Key Schoen* (argued); *Colonel Dayton M. Cramer, Major Joseph C. Swetnam, Major Kenneth T. Grant, Captain Robert W. Clark* (on brief); *Captain Gregory T. Baldwin.*

*Opinion of the Court*

COX, Judge:

On October 7, 1992, appellant was tried by a military judge sitting alone as a general court-martial. Appellant pleaded guilty to wrongful distribution of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, as well as confinement and forfeiture of $400 pay per month for 15 months. The convening authority reduced appellant's confinement to 6 months, but otherwise approved his sentence in accordance with the pretrial agreement. The Court of Military Review affirmed the findings and sentence without opinion on March 31, 1993. Pursuant to *United States v. Grostefon*, 12 MJ 431 (CMA 1982), appellant asserts his trial defense counsel was ineffective in failing to raise the defense of entrapment.* We granted review of that issue on September 9, 1993, 39 MJ 11.

During the providence inquiry, appellant admitted that on June 26, 1992, he heard two soldiers talking about drugs in the hallway of his barracks. Appellant thought they were

---

* As noted in the separate opinion of Chief Judge Sullivan, defense counsel did not file any affidavit in response to this claim. The question of whether defense counsel has the option to respond when an affidavit is requested is presently before this Court. *See United States v. Lewis*, 39 MJ 441 (CMA Daily Journal 1994); *see also United States v. Crum*, 40 MJ 58 (CMA Daily Journal 1994). It is not necessary for us to decide this issue here.

discussing cocaine, and he approached one of them, who turned out to be Military Police Investigator Bailey. He told Bailey he could get them bigger and better rocks of cocaine than they could get elsewhere for the same amount of money. Appellant specifically stated that Bailey "did nothing to induce" him to sell cocaine, but that he offered to do so "voluntarily." Appellant took $100 from Bailey to make the purchase. He changed out of his uniform and went off base to buy from a street dealer. He bought $60 worth of cocaine and kept $40. Appellant then returned to the post and gave the cocaine to Bailey. Appellant "knew that it was unlawful to possess or distribute cocaine."

Appellant had ample opportunity to discuss his case with counsel, Captain Williams, before entering pleas, and they discussed the issue of entrapment. Appellant unambiguously conceded he was "not entrapped" and that the deal took place "because of [his] actions," not Investigator Bailey's. He admitted during the providence inquiry and in his post-trial submissions to the convening authority that he was pleading guilty because he was guilty.

On appeal before the Court of Military Review, appellant submitted an affidavit claiming Investigator Bailey approached him and asked him to buy drugs for her. (Def.App.Ex. A.) Appellant contends he urged Captain Williams, his trial defense counsel, to pursue a defense of entrapment, but Captain Williams "strong-armed" him into entering into a plea agreement instead. Final Brief at 2.

 In order to prevail on a claim of ineffective assistance of counsel, appellant must show: (1) Captain Williams' performance was deficient, falling "below an objective standard of reasonableness"; and (2) the deficiency was prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 MJ 186 (CMA 1987). Appellant fails to satisfy the first requirement. His detailed admissions at trial that he initiated contact with Investigator Bailey and that he offered to sell her cocaine, and the fact that he repeatedly admitted his guilt foreclose his belated attempt to impeach his provident guilty pleas by a collateral attack of his conviction through the guise of attacking his trial defense counsel. Appellant's assertion that he was denied effective assistance of counsel is without merit.

The decision of the United States Army Court of Military Review is affirmed.

Judges CRAWFORD, GIERKE, and WISS concur.

SULLIVAN, Chief Judge (concurring):

I am troubled by footnote 1 of the Government's Answer to the Final Brief. It states:

Appellate government counsel attempted to comply with *United States v. Burdine*, 29 MJ 834 (ACMR 1989), and obtain an affidavit from Mr. (then Captain) Steven Williams. No response was received at the time pleadings were filed before the Army Court of Military Review, or this Court.

I do not believe that defense counsel, as an officer of the court, has the option to be nonresponsive. *See United States v. Polk*, 32 MJ 150, 152 (CMA 1991); *United States v. Dupas*, 14 MJ 28, 31 (CMA 1992). *See generally United States v. Lonetree*, 35 MJ 396, 413–14 (CMA 1992), *cert. denied*, ——— U.S. ———, 113 S.Ct. 1813, 123 L.Ed.2d 444 (1993). Defense counsel should be mindful of Rule 1.6(b)(2), ABA Model Rules of Professional Conduct (1989).

**RULE 1.6 CONFIDENTIALITY OF INFORMATION**

(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).

(b) *A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:*

(1) to prevent the client from committing a criminal act that the lawyer believes is likely to result in imminent death or substantial bodily harm; or

(2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, *or to respond to allegations in any proceeding concerning the lawyer's representation of the client.*

(Emphasis added.) *See In Re Gilliam,* 216 Mont. 279, 704 P.2d 1019, 1020 (Mont.1985) (As an "officer" of the court, defense counsel "is obliged to assist" court "in the administration of justice" with respect to ineffective-assistance-of-counsel claims.).