CLARK, Judge:
The appellant pleaded guilty, at his special court-martial before military judge alone, to sodomy and to false swearing. See Uniform Code of Military Justice [UCMJ], Articles 125, 134, 10 U.S.C. §§ 925, 934. The adjudged sentence included confinement for 4 months, reduction to pay grade E-l, and a bad-conduct discharge. The convening authority approved the sentence as adjudged. The pretrial agreement obligated the convening authority to suspend for 12 months confinement in excess of 45 days. Despite his legal officer’s advice concerning the terms of the pretrial agreement, the convening authority failed to suspend the confinement in accordance with the agreement. We will remedy this deficiency in our decretal paragraph.
Both of the appellant’s assignments of error [1] relate to his having been granted testimonial immunity on matters concerning his alleged involvement in homosexual activities with AGAA Terry M. Helvey. We have examined the record of trial, the assignments of error, and the Government’s reply thereto, and we have concluded that the findings and sentence are substantially correct in law and fact and that no error materially prejudicial to the substantial rights of appellant was committed.
The appellant, a quintessential product of television’s “vast wasteland,” decided to capitalize on the notoriety of AGAA Helvey’s pending trial for the murder of RMSN Allen R. Schindler, Jr. Schindler, an acknowledged homosexual, was brutally murdered in a bathroom in a public park in Sasebo, Japan, in October 1992. The appellant told four of his shipmates that he had engaged in homosexual acts with Helvey, hoping that a book he planned to write about his “experiences” would catapult him onto nationally televised talk shows, where fame and fortune awaited. After word spread about the appellant’s “involvement” with Helvey, the appellant held out for a grant of testimonial immunity before talking to the Naval Criminal Investigative Service [NCIS].
The general court-martial convening authority granted the appellant immunity against use of his testimony as a witness in the Helvey prosecution. The grant expressly conditioned the immunity upon the appellant testifying “under oath as a witness for the Government” in the Helvey case.
After the appellant provided a sworn statement to the NCIS, on 20 February 1993, describing sexual acts with Helvey, he was suspected of false swearing. During a subsequent interview by NCIS, on 26 February 1993, the appellant was advised of his right to remain silent and provided a cleansing warning as to the previous statement. The appellant waived his right to remain silent. He made a free and voluntary statement, admitting that he had lied about sexual acts with Helvey. He added that he had engaged in sexual acts with his roommate, AA Orr.
The appellant’s guilty pleas relieved the Government of the burden of proving his guilt of the sodomy which the appellant had admitted in his second statement to the NCIS. The appellant did not preserve the issue of the Government’s use of immunized testimony of derivative evidence, through a motion or a conditional plea. Rules for Courts-Martial [R.C.M.] 905, 910(a)(2). Even if the merits of the offense were not contested, the appellant still could have challenged the Government’s use of immunized testimony or derivative evidence in the decision to prosecute. See United States v. Olivero, 39 M.J. 246 (C.M.A.1994); United States v. Kimble, 33 M.J. 284 (C.M.A.1991); United States v. McGeeney, 41 M.J. 544 (N.M.Ct.Crim.App.1994). Having failed to *763 assert the right, the appellant waived the issue. R.C.M. 907(b)(2)(D)(ii).
Unless the military judge is placed on notice that a charge is based on immunized testimony, he has no duty to intervene and assert the right for the appellant United States v. Lucas, 25 M.J. 9 (C.M.A.1987). Nothing in this record of trial indicates that the appellant’s admission about sexual acts with AA Orr was the result of immunized testimony. The use immunity extended only to sworn testimony as a witness in the case of AGAA Helvey. Even if we accord the same protection to the 20 February 1993 sworn statement to the NCIS, the appellant’s admission to sodomy with AA Orr was not derivative. Consistent with R.C.M. 704(b)(1), the grant of immunity specifically excluded from its protection the offense of false swearing. After the appellant was suspected of false swearing, the use immunity was effectively rescinded as to subsequent statements by the cleansing warning given the appellant and the advice concerning his suspect’s rights. Having been advised that he was no longer immunized, and that he was suspected of the very offense which was specifically excluded from the grant of immunity, the appellant elected to provide a “free and voluntary” statement which went beyond his purported conduct with Helvey; he gratuitously admitted to sodomy with AA Orr. This statement extended beyond the protected area of the earlier grant of immunity. It was not within the subject area of the grant of immunity, and it was not induced by the grant of immunity.
The convening authority who grants the immunity determines the matters to which it extends. R.C.M. 704(d). If a grantee of testimonial immunity elects to testify beyond the parameters of the protected matters, he does so at his peril. The appellant, in his grab for glory, exceeded the reach of his protection.
The appellant’s assertion that his defense counsel failed to move to dismiss the sodomy charge does not establish a prima facie case of ineffective assistance of counsel. An appellant, in claiming ineffective representation by counsel, must establish both serious deficiency in the counsel’s performance and prejudice arising from that deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Lawson, 40 M.J. 475 (C.M.A.1994); United States v. Sanders, 37 M.J. 116 (C.M.A), cert, denied, — U.S. -, 114 S.Ct. 600, 126 L.Ed.2d 565 (1993); United States v. Scott, 24 M.J. 186 (C.M.A 1987). To satisfy the first requirement, the allegation of ineffectiveness and the record of trial must contain evidence which, if unrebutted, would overcome the presumption of competence. United States v. Lewis, 42 M.J. 1 (1995).
Trial defense counsel’s reasons for not moving for dismissal of the sodomy charge are adequately explained in his affidavit submitted to this Court. After considering the legal issues and the factual circumstances, trial defense counsel advised the appellant to take the deal being offered by the Government. The test for determining whether the defense counsel’s conduct was deficient is based upon the reasonableness of his perspective at the time in light of all the circumstances. Strickland v. Washington, supra; United States v. Brothers, 30 M.J. 289 (C.M.A.1990); United States v. Kelly, 32 M.J. 813 (N.M.C.M.R. 1991). See also, United States v. King, 30 M.J. 59 (C.M.A.1990) (calculated decision to forego suppression motion in exchange for favorable sentence limitation was found not to be ineffective assistance of counsel). We find that this was a tactical decision well within the range of performance ordinarily expected of fallible lawyers. See United States v. Polk, 32 M.J. 150, 153 (C.M.A.1991), citing United States v. DiCupe, 21 M.J. 440, 442 (C.M.A), cert, denied, 479 U.S. 826, 107 S.Ct. 101, 93 L.Ed.2d 52 (1986). Even had the decision not been tactically sound, the appellant has failed to show a reasonable probability that a motion to dismiss the sodomy charge should have been granted, i.e., prejudice. See Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).
The record of trial and the accompanying documents establish to this Court’s satisfaction that the appellant received effective assistance of counsel, that he waived his right *764 to move to dismiss the sodomy charge, and that he entered a knowing, intelligent, and voluntary plea of guilty to that charge and specification.
Accordingly, the findings of guilty, as approved on review below, are affirmed. We affirm only so much of the sentence as provides for confinement for 45 days, reduction to pay grade E-1, and a bad-conduct discharge.
Senior Judge DeCICCO and Judge KEATING, concur.

. I. THE TRIAL COURT COMMITTED PLAIN ERROR BY ACCEPTING THE GUILTY PLEA OF APPELLANT TO THE CHARGE OF SODOMY AFTER BECOMING AWARE OF THE GRANT OF TESTIMONIAL IMMUNITY.
II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE DETAILED DEFENSE COUNSEL FAILED TO MOVE TO DISMISS THE SODOMY CHARGE BASED ON THE GOVERNMENT’S USE OF IMMUNIZED STATEMENTS.