FILED

April 18 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

No. PR 06-0118

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 98

FILED

APR 1 8 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

| | | |
|---|---|---|
| CODY WILLIAM MARBLE, | ) | |
| | ) | |
| Petitioner, | ) | OPINION |
| | ) | and |
| v. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

¶1     The Attorney General has requested that this Court clarify its decision in *Petition of Gillham*, 216 Mont. 279, 704 P.2d 1019 (1985), to address the question of whether a district court, as opposed to the Supreme Court, can issue a *Gillham*-type order.

¶2     In *Gillham*, we held that when a convicted person files a petition for post-conviction relief alleging inadequate assistance of counsel, the integrity of the fact-finding system requires that his counsel assist the court in the administration of justice by admitting, denying or qualifying the allegations of fact made by the petitioner. Further, the petitioner, having challenged counsel's effectiveness, "has opened the gate to those portions of his revelations to his attorney that affect his claims in his petition for post-conviction relief," and is not in a position to object on the grounds of privilege. We ordered that Gillham's counsel respond to the allegations and that if, in making said response, he necessarily revealed confidential information from Gillham, counsel would "not be subject to disciplinary proceedings before

1

the Commission of Practice of the State Bar of Montana, nor subject to charges of malpractice." *Gillham*, 704 P.2d at 1020.

¶3 At the time of the *Gillham* decision, petitions for post-conviction relief were addressed to the Supreme Court. Accordingly, the *Gillham* decision required that, if a response from counsel were necessary, "the Attorney General shall first apply to *this Court* for an order preserving such responding attorney from charges of discipline or malpractice for revealing necessary confidential information from such convicted person." (Emphasis added.)

¶4 Since *Gillham*, the post-conviction procedure has changed. Petitions for post-conviction relief are now initially filed in the district court rather than this Court. Section 46-21-105(2), MCA. Accordingly, we hereby clarify that *Gillham* motions may be filed in the district court wherein the post-conviction proceeding is pending. An attorney ordered to respond pursuant to a *Gillham* order issued by a district court shall not be subject to disciplinary proceeding before the Commission on Practice nor be subject to charges of malpractice. This immunity extends to all information, testimony or documents necessarily provided in response to the allegations of ineffective assistance of counsel.

DATED this \_\_\_\_\_ day of April, 2007.

Chief Justice

2

_Patricia Cotter_

_Jon Warner_

_____
Justices