FILED

12/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0057

DA 24-0057

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 317N

JACE CADE ZEILER,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-21-432
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Brad L. Arndorfer, Arndorfer Law Firm, P.C., Boyd, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

Scott Twito, Yellowstone County Attorney, Ed Zink, Deputy County
Attorney, Billings, Montana

Submitted on Briefs:  September 4, 2024

Decided:  December 23, 2024

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jace Cade Zeiler appeals from the January 10, 2024 Order Dismissing Petition for Post-conviction Relief (Order). We affirm.

¶3 On April 4, 2019, the State charged Zeiler with Kidnapping, in violation of § 45-5-302, MCA; Stalking, in violation of § 45-5-220, MCA; three counts of Violation of Order of Protection, in violation of § 45-5-626, MCA; and three counts of Privacy in Communications, in violation of § 45-8-213, MCA. On April 11, a notice of appearance was filed that George Isham would represent Zeiler. On June 10, the court held an omnibus hearing where Zeiler appeared with Isham. Zeiler indicated in the omnibus hearing memorandum that he would rely on a defense of general denial.

¶4 On July 1, the State charged Zeiler with Violation of Order of Protection, in violation of § 45-5-626, MCA; Tampering with Witnesses and Informants, in violation of § 45-7-206, MCA; and Criminal Contempt, in violation of § 45-7-309, MCA. On July 8 and 9, Meghan Benson and Clark Ramsey were substituted as co-counsel for Zeiler in both cases. On October 16, the State charged Zeiler in two other cases with Assault with Weapon, in violation of § 45-5-213, MCA; Tampering with Witnesses and Informants, in violation of §§ 45-2-302(3) and -7-206, MCA; and Violation of Order of Protection, in

violation of § 45-5-626, MCA. On October 18, Zeiler filed a motion to vacate jury trial and set a date for change of plea in his cases.

¶5 On November 4, Zeiler signed an Acknowledgment of Waiver of Rights by Plea of Guilty and Plea Agreement (Agreement) and pleaded no contest to Kidnapping and guilty to Stalking and one count of Privacy in Communications in the first case. The State agreed to drop the remaining five charges. Zeiler also pleaded guilty to Violation of a Protective Order and Tampering with Witnesses and Informants in the second case in exchange for the State dropping the third charge and the two other cases against him. The State agreed to recommend that all counts run concurrent to each other. Zeiler acknowledged in the Agreement that the court was not bound by the recommendations in the Agreement pursuant to § 46-12-211(1)(c), MCA.

¶6 Zeiler appeared for sentencing on February 18, 2020. In the first case, the District Court sentenced Zeiler to a total of 10 years at Montana State Prison (MSP). In the second case, the court sentenced Zeiler to 10 years at MSP, with five years suspended, and ordered that the sentence run consecutively to the sentence in the first case. Zeiler did not appeal or apply to the sentence review division.

¶7 On April 12, 2021, Zeiler filed an Affidavit in Support of Petition for Postconviction Relief pro se (Affidavit). Zeiler did not file a "verified petition" or memorandum in support of his petition. *See* §§ 46-21-103, -104, MCA. On September 17, Zeiler filed a motion for appointment of counsel. The District Court took no action on the motion, but on July 6, 2022, counsel filed a notice of appearance on behalf of Zeiler. On August 1, Zeiler, through counsel, filed a First Amended Petition for Post Conviction Relief (Petition), alleging

3

ineffective assistance of counsel (IAC) and seeking to withdraw only his plea to kidnapping.

¶8 Two months after filing the Petition, Zeiler filed a motion for a court order requiring a response from the State. The court granted the motion and required a response from the State pursuant to § 46-21-201(1)(a), MCA. However, the court also issued a *Gillham*[1] Order requiring Zeiler's trial counsel to respond by affidavit by March 6, 2023, and the State to then respond by March 27. Zeiler's trial counsel failed to file their affidavits on time, and thus the State did not respond. Zeiler moved the District Court to enter a default under M. R. Civ. P. 55 and grant the Petition for the State's failure to respond. The court granted an extension to trial counsel to file their affidavits by May 4, and the State to file its response by May 18. On May 9, prior to the State's new deadline, the State requested another extension because trial counsel had not yet submitted their affidavits, which the court granted. Subsequently, trial counsel filed affidavits, and the State filed its response. The District Court held a hearing on the Petition on August 1, 2023. On January 10, 2024, the court denied Zeiler's Petition. Zeiler appeals.

¶9 We review the denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Oliphant v. State*, 2023 MT 43, ¶ 29, 411 Mont. 250, 525 P.3d 1214. Mixed questions of law and fact presented by claims of IAC are reviewed de novo, but we do not analyze the conduct with hindsight. *Oliphant*, ¶ 29.

---

[1] *In re Gillham*, 216 Mont. 279, 704 P.2d 1019 (1985).

¶10 Zeiler first contends that his due process rights were violated when the District Court did not order a response from the State on his Affidavit or subsequent Petition for more than a year (but only four months after he had filed his Petition complying with statutory requirements). Zeiler argues that the postconviction relief statutes, as applied to the facts of this case, are unconstitutional as they do not include a specific timeframe in which the court must take action. We do not find that Zeiler's due process rights were violated on the facts of this case. The court ordered a response from the State four months after Zeiler corrected his deficient Affidavit by filing a petition for postconviction relief that complied with the requirements of §§ 46-21-103 and -104, MCA.

¶11 Zeiler next argues that the District Court erred by not defaulting the State and granting the Petition when the State missed two court ordered deadlines to file a response brief. However, trial counsel had not yet submitted responsive affidavits and thus the State had nothing to respond to.

¶12 Zeiler argues that M. R. Civ. P. 55, governing default judgments in civil proceedings, should apply to petitions for postconviction relief. Section 46-21-201(1)(c), MCA, says that the rules of civil procedure apply to postconviction relief proceedings "[t]o the extent that they are applicable and are not inconsistent with" Title 46, chapter 21, MCA. We hold that applying Rule 55 to the facts of this proceeding would be inconsistent with the purposes of postconviction relief proceedings. The purpose of the postconviction relief statutes is to "vacate, set aside, or correct" a sentence that, among other things, is in violation of law. Section 46-21-101, MCA. We note that Rule 55(d) only allows a default judgment against the State if the claimant establishes a claim or right to relief by evidence

5

that satisfies the court, which Zeiler failed to do. While the court has the power to order a response from the State and hold it in contempt if appropriate, it would be inconsistent with the purposes of postconviction relief to order Zeiler's requested relief.

¶13 Zeiler then asserts four issues that he argues amounted to IAC. We apply a two-pronged test to determine whether counsel was ineffective: the defendant must (1) show that counsel's performance was deficient or fell below an objective standard of reasonableness, and (2) establish prejudice. *State v. Deschon*, 2004 MT 32, ¶ 31, 320 Mont. 1, 85 P.3d 756. In doing so, the defendant must overcome a strong presumption that counsel's actions fall within a wide range of reasonable decisions. *Deschon*, ¶ 31.

¶14 First, Zeiler alleges he was never informed of his right to substitute a judge under § 3-1-804(1)(b), MCA. Zeiler asserts his first attorney, Isham, never discussed his ability to substitute a judge or his case with him. But the District Court found that Zeiler's testimony on this point was unreliable given that Zeiler did not remember ever meeting Isham. Additionally, Zeiler merely asserts prejudice without pointing to any specific prejudice he suffered and has thus not met his burden under the second prong of IAC claims.

¶15 Second, Zeiler argues that counsel waived all defenses in his omnibus memorandum. The District Court found, and the omnibus memorandum reflects, that Zeiler retained the defense of general denial. Thus, counsel did not waive all defenses as Zeiler asserts. *See also State v. Pelletier*, 2020 MT 249, ¶ 38, 401 Mont. 454, 473 P.3d 991. Additionally, under § 46-13-101(1), MCA, Zeiler could raise a defense not raised in

6

the omnibus memorandum only for good cause shown. Zeiler has not overcome his burden to show that counsel's actions were deficient.

¶16 Third, Zeiler asserts he was only presented with the plea agreement right before the change of plea hearing and had no time to review or discuss it before signing it. Again, Zeiler misrepresents the facts as found by the District Court and does not challenge those as clearly erroneous. The court found that although Zeiler was not presented with the written plea agreement until the morning of the change of plea hearing, counsel went over all the terms of the agreement with him at least two weeks prior to the hearing. Additionally, counsel read the entire agreement to Zeiler before the hearing and fully explained the content and terms to him. Contrary to what Zeiler asserts in briefing, the court found that counsel determined there were no lesser included offenses applicable to his case and that she discussed this with him. Lesser included offenses that Zeiler now argues "could [have] be[en] a viable option" do not overcome the strong presumption that counsel's performance was effective.

¶17 Finally, Zeiler argues he never went over the presentence investigation report (PSI) prior to sentencing with counsel. Although the District Court noted that counsel had reviewed the PSI, it did not specifically find that Zeiler had gone over the PSI with counsel prior to sentencing. Zeiler acknowledges "[i]t is hard to find case law saying this is ineffective assistance of counsel." While Zeiler correctly argues that due process requires he be given an opportunity to explain, argue, and rebut any information in the PSI, *see State v. Ferguson*, 2005 MT 343, ¶ 100, 330 Mont. 103, 126 P.3d 463, he does not bring a due process challenge nor argue that any information contained in the PSI was

7

incorrect.  Zeiler fails to allege any prejudice resulting from his inability to review the PSI with counsel before sentencing.  His IAC claim fails.

¶18    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶19    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE