JUSTICE MORRIS
delivered the Opinion of the Court.
¶1 Carol Lewis (Lewis) appeals from her conviction in the First Judicial District, Lewis and Clark County, of Criminal Possession with Intent to Distribute, Criminal Possession of Drug Paraphernalia, two counts of Use or Possession of Property Subject to Criminal Forfeiture, *333 and Criminal Distribution of Dangerous Drugs. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
¶2 The State charged Lewis on May 19, 2004, with one count of Criminal Possession with Intent to Distribute, one count of Criminal Possession of Drug Paraphernalia, and two counts of Use or Possession of Property Subject to Criminal Forfeiture. Lewis entered a plea of not guilty to the charges. The District Court set a jury trial for November 8, 2004.
¶3 The State informed the court on October 12,2004, that it intended to amend the charges against Lewis to include an additional offense for conduct that occurred on May 22, 2004. The court vacated the trial date based on the State’s information. The State amended the information on March 10, 2005, to include the charge of Criminal Distribution of Dangerous Drugs. The jury convicted Lewis on all charges following a three-day trial in June of 2005. The court sentenced Lewis to twenty years imprisonment with fifteen years suspended. Lewis never asserted her right to speedy trial between the time of her arrest and jury trial. Lewis appeals her conviction.
¶4 Lewis raises two issues for review:
¶5 1. Whether the State violated Lewis’s constitutional right to a speedy trial.
¶6 2. Whether Lewis’s lawyer denied her effective assistance of counsel by failing to assert her right to a speedy trial.
STANDARD OF REVIEW
¶7 Whether a defendant has been denied the constitutional right to a speedy trial constitutes a question of law. State v. Haser, 2001 MT 6, ¶ 17, 304 Mont. 63, ¶ 17, 20 P.3d 100, ¶ 17. We review for correctness the trial court’s legal determinations on speedy trial. Haser, ¶ 17.
¶8 We review claims of ineffective assistance of counsel if the claims are based solely on the record. State v. Novak, 2005 MT 294, ¶ 18, 329 Mont. 309, ¶ 18, 124 P.3d 182, ¶ 18. We review record-based claims on direct appeal under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). State v. Daniels, 2003 MT 247, ¶ 21, 317 Mont. 331, ¶ 21, 77 P.3d 224, ¶ 21. Under the Strickland standard, a defendant must show that counsel’s performance was deficient and that this performance prejudiced the defense and denied the defendant a fair trial such that the result of the proceeding would have been different. Daniels, ¶ 21. A strong presumption exists that counsel provided effective assistance. Daniels, ¶ 21.
*334 DISCUSSION
¶9 Whether the State violated Lewis’s constitutional right to a speedy trial.
¶10 Lewis argues that the State violated her fundamental right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution by failing to prosecute her case in a timely manner. Lewis points out that the State waited nearly five months to notify the court of its intention to amend the charges against her for conduct that allegedly occurred just days after Lewis’s initial arrest. The record reveals that the State then waited an additional five months to file the amended charge. Lewis admits she maintains responsibility for twenty-eight days of the delay. Lewis blames the State for the rest of the delay. Lewis argues that her conviction should be reversed because the State’s delay prejudiced her defense in that one witness had changed his story by the time of trial and another witness failed to remember key facts about the case.
¶11 Lewis concedes that she never asserted her right to speedy trial in district court. Lewis urges us to review her claim for the first time on appeal under the plain error doctrine. Lewis argues that her plain error claim warrants review because the State’s delay implicated her fundamental right to a speedy trial. Lewis further argues that this Court’s failure to review her claim would leave unsettled questions of the fundamental fairness of the trial proceedings and would compromise the integrity of the judicial process.
¶12 We generally refuse to review issues raised for the first time on appeal unless such review is warranted under the specific provisions of § 46-20-701, MCA. See also § 46-20-104(2), MCA. We may employ the common law plain error doctrine under exceptional circumstances, however, to “discretionarily review claimed errors that implicate a criminal defendant’s fundamental constitutional rights ....” State v. Finley, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996), overruled on other grounds by State v. Gallagher, 2001 MT 39, 304 Mont. 215, 19 P.3d 817. We undertake this review “even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.” Finley, 276 Mont. at 137, 915 P.2d at 215.
¶13 We exercise plain error review sparingly, on a case-by-case basis, and under the narrow circumstances as provided in Finley. *335 Daniels, ¶ 20. Plain error review, like any review on direct appeal, must be confined to the materials provided in the record. State v. Azure, 2002 MT 22, ¶ 40, 308 Mont. 201, ¶ 40, 41 P.3d 899, ¶ 40. “Appeals can only be taken on the record made, not on the record which should have been made.” State v. Totterdell, 135 Mont. 56, 61, 336 P.2d 696, 699 (1959).
¶14 Lewis’s failure to assert her right to a speedy trial in district court did not waive her right to speedy trial. State v. Carden, 173 Mont. 77, 87, 566 P.2d 780, 786 (1977). Lewis’s silence resulted in an absence of record, however, that causes difficulty in proving on direct appeal that her right to speedy trial has been violated. Carden, 173 Mont. at 87, 566 P.2d at 786, citing Barker v. Wingo, 407 U.S. 514, 532, 92 S.Ct. 2182, 2192-93 (1972). We consider the length of the delay, the reason for the delay, the defendant’s timely assertion of the right to a speedy trial, and the prejudice to the defense caused by the delay in determining whether a defendant was denied the right to a speedy trial. State v. Bowser, 2005 MT 279, ¶ 12, 329 Mont. 218, ¶ 12, 123 P.3d 230, ¶ 12.
¶15 The record clearly demonstrates a thirteen-month period between Lewis’s initial arrest and the time of trial. The Dissent points out that the record shows that Lewis took no action to delay her trial. See ¶ 29. The Dissent suggests that the delay, therefore, must be attributed to the State based on its failure to prosecute or an institutional delay. Determining the cause of the delay requires a factual inquiry. City of Billings v. Bruce, 1998 MT 186, ¶ 56, 290 Mont. 148, ¶ 56, 965 P.2d 866, ¶ 56. We cannot glean from the record, however, the cause of such delay in Lewis’s case. The record shows that the State requested a continuance and then waited five months to amend the charges against Lewis. The record remains silent on whether Lewis’s counsel even discussed the speedy trial issue with Lewis or whether Lewis directed her counsel not to raise it. The record contains no argument from the parties on this issue and no decision from the district court that we may review for correctness. Thus, the inadequate record prevents us from reviewing Lewis’s conviction on direct appeal under the plain error review doctrine.
¶16 Whether Lewis’s lawyer denied her effective assistance of counsel by failing to assert her right to a speedy trial.
¶17 Lewis argues that her conviction should be reversed because her lawyer’s failure to assert her right to speedy trial constituted deficient performance under the Strickland standard. Lewis contends that no tactical decision could explain her counsel’s failure to assert her right to speedy trial in the thirteen months that passed between her arrest *336 and jury trial. Lewis argues that the outcome of her case would have been different had her counsel timely asserted her right to speedy trial as a reasonable probability existed that the district court would have dismissed the charges against her.
¶18 Claims of ineffective assistance of counsel present mixed questions of law and fact that we review de novo. Clausell v. State, 2005 MT 33, ¶ 10, 326 Mont. 63, ¶ 10, 106 P.3d 1175, ¶ 10. We review claims of ineffective assistance of counsel on direct appeal if the claims are based solely on the record. Novak, ¶ 18. We first consider whether the record reveals why counsel took, or failed to take, action in providing a defense in determining whether a claim of ineffective assistance of counsel is ripe for review on direct appeal. Novak, ¶ 18. Claims of ineffective assistance of counsel that cannot be documented from the record are properly raised by petition for post-conviction relief. Novak, ¶ 18.
¶19 The record sheds no light on why Lewis’s counsel failed to raise her right to speedy trial. Lewis argues that no tactical reason exists to explain her counsel’s deficient performance. We disagree. A number of possibilities exist to explain why counsel may have acquiesced to the delay. “Delay is not an uncommon defense tactic.” Barker, 407 U.S. at 521, 92 S.Ct. at 2187. A delay allows the defendant to manipulate the system and gain an advantageous position in plea negotiations as witnesses become unavailable and memories fade. Barker, 407 U.S. at 519, 521, 92 S.Ct. at 2186, 2187.
¶20 The Dissent proposes that we overlook any potential tactical advantages and make defense counsel’s failure to raise the defendant’s right to speedy trial an automatic violation of the Strickland standard. See ¶ 40. Such an outcome would place the defendant and defendant’s counsel in control of a potential reversal of the conviction. For example, a defendant could enjoy the tactical delays mentioned in Barker and then proceed to trial under the conscious decision not to raise the right to speedy trial. If convicted, the defendant merely has to raise the per se ineffective assistance of counsel claim proposed by the Dissent in seeking to reverse the conviction on appeal.
¶21 We refuse to speculate on counsel’s errors in light of the presumption favoring a finding that counsel performed effectively. Daniels, ¶ 41. A silent record fails to rebut the strong presumption that counsel provided reasonable professional assistance. Daniels, ¶ 41. We conclude that Lewis’s claim for ineffective assistance of counsel cannot be answered within the confines of the record. Lewis’s claim of ineffective assistance of counsel is best suited for disposition in a post- *337 conviction proceeding where the trial court can explore fully why Lewis’s counsel made the decision not to assert Lewis’s right to speedy trial.
¶22 We affirm Lewis’s conviction.
CHIEF JUSTICE GRAY, JUSTICES LEAPHART, WARNER and RICE concur.