***444 ¶1 On November 13, 2017, a formal disciplinary complaint was filed in this matter against Montana attorney Genet McCann. The disciplinary complaint may be reviewed by any interested persons in the office of the Clerk of this Court.
¶2 The complaint arises from the Office of Disciplinary Counsel's (ODC) investigation of a different Montana attorney for suspected violations of the Rules of Professional Conduct. ODC requested McCann to produce certain documents and she refused, claiming privilege. ODC then requested and obtained a hearing under Rule 24 of the Montana Rules for Lawyer Disciplinary Enforcement (MRLDE). At that hearing, McCann appeared and again contended that the documents ODC sought were privileged. The Commission directed her to produce the documents, along with a privilege log, to the Commission for in camera inspection. McCann complied and, on November 27, 2017, the Commission entered an order overruling most of her privilege claims and directing McCann to produce the non-privileged documents within ten days.
¶3 McCann did not produce the documents within the time directed. On December 12, 2017, ODC filed a notice of her failure to comply. Although McCann produced the documents after she was served with notice of her failure, the Commission ordered her to show cause why she should not be held in contempt for failing to comply with its order as directed. The order set a hearing for January 11, 2018.
¶4 The scheduled show cause hearing did not occur because McCann attempted to remove the matter to federal court. The United States District Court for the District of Montana remanded the case, ruling that removal *267 was improper. The hearing was rescheduled. An Adjudicatory Panel of the Commission held the show cause hearing on March 23, 2018, to afford McCann the opportunity to show cause why she should not be referred to this Court to be held in contempt for failure to timely comply with the Commission's order to produce documents. McCann received notice of the 8:30 a.m. hearing, and the Commission denied her previous motions to further continue, dismiss, or stay the proceedings.[1] McCann did not appear at the scheduled hearing. Commission Chair Ward E. Taleff noted that the Commission ordered McCann to produce the documents after he had reviewed her privilege log and the documents in detail, that she had not appeared at ***445 the hearing, and that the Adjudicatory Panel would deliberate on the matter and issue a recommendation.
¶5 On March 26, 2018, the Commission issued its written recommendation, recounting the above facts and summarizing the myriad actions McCann had taken subsequent to its issuance of the Order to Show Cause. These actions included the referenced procedural motions before the Commission seeking dismissal, stay, or continuance, as well as the attempted removal to federal court. McCann also filed in the United States District Court a motion to recuse the federal judge who had determined her removal to be improper and a complaint for declaratory and injunctive relief against the Commission, its Chair and Vice Chair, and Chief Disciplinary Counsel. The Commission observed that the gravamen of the federal complaint is the alleged deprivation of her mother's right to counsel in a guardianship proceeding.[2] After reviewing McCann's conduct in response to ODC's request for documents, the Commission discussed the obligations of a Montana attorney under the Rules of Professional Conduct. It cited subsection (6) of the Preamble, which provides:
(6) A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process.
¶6 The Commission found that McCann's various filings did not reflect the "full ferocity of her attacks on the Commission and ODC," and that her actions "reflect a complete disdain for the law and this Court's disciplinary process as well as any modicum of competent practice." The Commission concluded that McCann's conduct was "directly and vehemently at odds" with her professional obligations as a licensed Montana attorney. The Commission recommends that McCann be found in contempt and that discipline be imposed. McCann filed objections to the Commission's recommendation, and ODC filed a brief reply.
***446 ¶7 We begin with McCann's claim that the Commission had no jurisdiction to consider the contempt allegations against her-a claim ODC has not addressed but we must. Harland v. Anderson Ranch Co. , 2004 MT 132, ¶ 31, 321 Mont. 338, 92 P.3d 1160 ("[A] judgment entered by a court lacking subject matter jurisdiction is subject to attack at any time."). Rule 5(B), MRLDE, grants ODC the power and duty to "investigate all information coming to the attention of that office which, if true, would be grounds for discipline or transfer to disability/inactive status." If an attorney fails to promptly and fully respond to an inquiry from Disciplinary Counsel, the attorney is subject to discipline *268 under Rule 8(A)(6), MRLDE. A lawyer's failure to respond "to a complaint or other inquiry communicated to such lawyer in writing by [ODC]" authorizes the Adjudicatory Panel before which the matter is pending to direct the lawyer "to appear before the Panel and show cause why appropriate discipline or sanction should not be imposed for failure to respond or cooperate."[3] Rule 24, MRLDE.
¶8 In this case, ODC was acting within the scope of its authority when it began an investigation of the other attorney's conduct after receiving a complaint. As a licensed Montana attorney who has taken the oath to comply with the Rules of Professional Conduct, McCann is subject to the MRLDE and had an obligation to comply with ODC's request for documents. Rule 8(A)(6), MRLDE. When she did not do so, ODC had discretion under Rule 24, MRLDE, to request a hearing. The Commission acted in accordance with that rule when it convened a hearing on ODC's request, and McCann appeared at that hearing to raise her objections. When the Commission then directed her to produce documents within a specified time and McCann refused, the Commission gave her the appropriate opportunity to show cause why she should not be subject to discipline. The Commission had authority under Rule 19(D), MRLDE, to request that McCann be cited for contempt of the Supreme Court and to recommend appropriate discipline. The matter now is properly before this Court.
¶9 "Every court has power to ... enforce order in the proceedings before it or before a person or persons empowered to conduct a judicial investigation under its authority." Section 3-1-111(2), MCA. Judicial officers have the power to punish for contempt the disobedience of the court's lawful orders. Sections 3-1-403, -501(1)(e), MCA. The Montana Supreme Court "possesses original and exclusive jurisdiction and ***447 responsibility under Article VII, Section 2(3) of the 1972 Montana Constitution and the provisions of Chapter 61, Title 37, Montana Code Annotated, in addition to its inherent jurisdiction, in all matters involving admission of persons to practice law in the State of Montana, and the conduct and disciplining of such persons." In re Potts , 2007 MT 81, ¶ 31, 336 Mont. 517, 158 P.3d 418 (citing Introduction, MRLDE). This Court created the Commission in 1965 to act under the aegis of the Court for the purpose of receiving, investigating, and reporting on allegations of misconduct of lawyers in the State of Montana. In re Potts , ¶ 31 (citing Matter of Goldman , 179 Mont. 526, 529, 588 P.2d 964, 966 (1978) ). As an arm of this Court empowered to conduct a judicial investigation under the Court's authority, the Commission had jurisdiction to order McCann to produce documents requested by ODC and to recommend that she be found in contempt when she did not show cause for her failure to comply with the Commission's order as directed.
¶10 On the merits, McCann raises a number of objections to the finding of contempt, arguing that she did produce the documents and did not willfully disobey an order of the Commission. The time to present these objections, however, was at the March 23 show cause hearing-which McCann chose to ignore. It is well-settled that we will not fault a tribunal for failing to correct an error where the appealing party made no motion or objection to bring the error to the tribunal's attention. Horn v. Bull River Country Store Props. , 2012 MT 245, ¶ 41, 366 Mont. 491, 288 P.3d 218. "Appeals can only be taken on the record made, not on the record which should have been made." State v. Lewis , 2007 MT 16, ¶ 13, 335 Mont. 331, 151 P.3d 883 (quoting State v. Totterdell , 135 Mont. 56, 61, 336 P.2d 696, 699 (1959) ). Having failed to defend her actions at the time noticed by the Commission, McCann has waived her opportunity to do so. We decline to consider the merits of her arguments.
¶11 The Commission recommends that, as a result of her conduct, McCann be suspended from the practice of law in Montana for not less than seven months and that the discipline imposed in this case be ordered to run concurrently with the discipline in Supreme Court Cause No. PR 16-0635. The *269 Commission also recommends that McCann be ordered to pay the costs of these proceedings, and that in any application for readmission to the practice of law she be required to establish that she is psychologically capable to competently practice law. Upon review of the record, we conclude that McCann did not comply with the terms of the Commission's November 27, 2017 Order; that McCann's conduct in response to ODC's inquiry has obstructed the disciplinary process, consumed an overwhelming amount of time of the ***448 individual Commissioners, the Office of Disciplinary Counsel, officers and judges of the United States District Court and the Ninth Circuit Court of Appeals, and this Court; that her actions amounted to disorderly and contemptuous behavior toward the Commission, interrupting the due course of its proceedings, see § 3-1-501, MCA ; and that-as the Commission found-her actions greatly exceed any bound of reasonableness or moderation and reflect a disdain for the law and judicial processes. She is in contempt of the Supreme Court for her actions in the Commission's proceedings.
¶12 Based upon the foregoing,
¶13 IT IS HEREBY ORDERED:
1. The Commission's March 26, 2018 Recommendation is ACCEPTED and ADOPTED.
2. Genet McCann is hereby suspended from the practice of law in Montana for not less than seven months, effective thirty days from the date of this Order. McCann is directed to give notice of her suspension to all clients she represents in pending matters, any co-counsel in pending matters, all opposing counsel and self-represented opposing parties in pending matters, and all courts in which she appears as counsel of record in pending matters, as required by Rule 30, MRLDE.
4. McCann shall pay the costs of these proceedings subject to the provisions of Rule 9(A)(8), MRLDE, which allow her to file objections to the statement of costs.
5. In any application for readmission to the practice of law, McCann shall be required to establish that she is psychologically capable to competently practice law.
6. The period of suspension imposed herein shall run concurrently with the discipline imposed in Cause No. PR 16-0635.
The Clerk of this Court is directed to serve a copy of this Order of Discipline upon Genet McCann and to provide copies to Disciplinary Counsel, the Office Administrator for the Commission on Practice, the Clerks of all the District Courts of the State of Montana, each district court judge in the State of Montana, the Clerk of the Federal District Court for the District of Montana, the Clerk of the Circuit Court of Appeals of the Ninth Circuit, and the Executive Director of the State Bar of Montana.
DATED this 5th day of June, 2018.
We Concur:
DIRK M. SANDEFUR, J.
INGRID GUSTAFSON, J.
LAURIE McKINNON, J.
JAMES JEREMIAH SHEA, J.
JIM RICE, J.

McCann attempted to seek review of the remand order in the Ninth Circuit United States Court of Appeals, and sought to stay the Commission proceedings pending her appeal. The Ninth Circuit later rejected her request. See McCann v. U.S. Dist. Court for the Dist. of Mont. , No. 18-71154, 2018 U.S. App. LEXIS 10532 (9th Cir. Apr. 25, 2018).

McCann's conduct in that guardianship proceeding is the subject of a separate Complaint against her for violations of the Rules of Professional Conduct, decided today by separate Order. In the Matter of Genet McCann , No. PR 16-0635, Or. (Mont. June 5, 2018).

If the matter is pending before a Review Panel, and the lawyer fails to show good cause, that Panel must refer the matter to an Adjudicatory Panel for further action. Rule 24, MRLDE.