**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GENET MCCANN,

         Plaintiff-Appellant,

  v.

WARD E. TALEFF, of the Commission
on Practice, in his official and individual
capacity; et al.,

         Defendants-Appellees.

No.   19-35730

D.C. No.
4:18-cv-00115-BMM-JTJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted October 30, 2020 [**]

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges

      Genet McCann appeals the judgment entered in favor of the defendants in

her civil rights lawsuit and the vexatious litigant order entered by the district court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the Rule 12(b)(6)

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal de novo and denial of leave to amend for an abuse of discretion. *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We review the district court's vexatious litigant order for an abuse of discretion. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). We affirm.

The district court properly took judicial notice of the previous lawsuits in state and federal court. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that the court make take judicial notice of documents filed in federal or state courts or referenced in the complaint).

We apply state preclusion law to determine whether federal claims are barred by state court judgments. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1165 (9th Cir. 2005). Claims preclusion bars the claims against Paul Jr., Sheila, and William McCann, Wold, Parker, and Rogers. The claims in this case arise out of the same events and either were or could have been brought in *McCann v. McCann*, 425 P.3d 682, 686-91 (Mont. 2018) (*McCann 10*). *Reisbeck v. Farmers Ins. Exch.*, 467 P.3d 557, 561 (Mont. 2020) (setting forth the elements of claims preclusion); *Tafflin v. Levitt*, 493 U.S. 455, 460 (1990) (holding that state courts have concurrent jurisdiction over RICO claims); *Felder v. Casey*, 487 U.S. 131, 139 (1988) (noting that state courts have concurrent jurisdiction over civil rights claims).

2

Issue preclusion bars the claims against Emerson and James because Ann Marie's travel was litigated in the state guardianship proceedings. *Reisbeck,* 467 P.3d at 561 (setting forth the elements of issue preclusion); *In re A.M.M.*, 380 P.3d 736 (Mont. 2016).

Judge Manley had absolute immunity for his authorized judicial acts of appointing the guardian and co-conservators, quashing subpoenas, and entering other orders in the state court proceedings. *Ashelman v. Pope*, 793 F.2d 1072, 1075-76, 1078 (9th Cir. 1986) (en banc). Similarly, Judge Manley's judicial assistant, Wold-McCauley, had quasi-judicial immunity. *Id.*; *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987).

Wold, Emerson, and Paul McCann, Jr. are entitled to quasi-judicial immunity for their actions taken as the court-appointed guardian and co-conservators in the state guardianship proceedings. *In re Castillo*, 297 F.3d 940, 947-48 (9th Cir. 2002); *Mosher v. Saalfeld*, 589 F.2d 438, 442 (9th Cir. 1978).

The individual capacity claims against Cotter, Moog, Taleff, and Axelberg for their actions in the state bar disciplinary proceedings are barred by quasi-judicial immunity. *Hirsh v. Justices of the Sup. Ct. of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995); *In re McCann*, 421 P.3d 265, 268 (Mont. 2018) (holding that the Office of Disciplinary Counsel and Montana Commission on Practice acted within the

3

scope of their authority when they investigated McCann and made recommendations to the court); Mont. R. Comm. Char. & Fit. § 3(c) (West 2020) ("In exercising its functions and powers, the Commission, its members, employees and all personnel through whom the Commission functions, including the State Bar of Montana and mentors mandated by the Commission, shall enjoy such judicial immunities as the Montana Supreme Court would enjoy if performing the same functions."). The Eleventh Amendment bars the official capacity claims asserted against the attorneys because the Montana Commission on Practice is an arm of the Montana Supreme Court. *Hirsh*, 67 F.3d at 715; *In re McCann*, 421 P.3d at 268.

Finally, the district court did not abuse its discretion by entering the vexatious litigant order. The district court gave McCann notice and an opportunity to be heard, discussed the previous lawsuits, made findings that are well-supported by the record, and narrowly tailored the order to reasonably require court permission for future filings of related cases. *Ringgold-Lockhart*, 761 F.3d at 1062 (setting forth the requirements for a vexatious litigant order).

Appellant's motion for judicial notice (Dkt. Entry # 24) is DENIED.

**AFFIRMED.**

4