FILED

04/19/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 20-0252

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 80N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

NATHAN EDWARD HOWARD, JONATHAN
HETTINGER, and JOSEPH BULLINGTON,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause Nos. DC 19-114, DC 19-115,
and DC 19-116
Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Chad Wright, Appellate Defender, Haley Connell Jackson, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Helena, Montana

            C. Mark Fowler, Attorney at Law, Tumwater, Washington

            Kendra K. Lassiter, Park County Attorney, Livingston, Montana

Submitted on Briefs: March 30, 2022
Decided: April 19, 2022

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellants in these consolidated cases appeal a March 12, 2020 order from the Sixth Judicial District Court in Park County affirming their misdemeanor trespass convictions from Park County Justice Court. We affirm the District Court's order on Appellants' convictions, and we note that because their ineffective assistance of counsel claim is not record-based, such claim is not appropriate for direct appeal but rather should be raised via postconviction relief.

¶3 Appellants Nathan Howard, Joseph Bullington, and Jonathan Hettinger embarked together to hike a Forest Service trail that crossed in and out of private ranchland and was slated to be closed to public access after a re-route. The State charged them with trespassing after a landowner encountered them in an area of private property some ways off the public trail. The Justice Court in Park County held a jury trial, and the jury convicted the three men. Prior to trial, Appellants had subpoenaed a United States Forest Service ranger to testify. Their apparent defense strategy was to examine him about signage manipulation in the area that could have led them astray—evidence to defend against the "knowingly" element of the trespass charge. The federal government moved

2

to quash the subpoena, declining to permit the ranger to testify, and Appellants responded by moving the Justice Court to hold the ranger in contempt. The Justice Court granted the motion to quash and denied the motion for contempt, and the case proceeded to trial.

¶4 The men appealed their misdemeanor convictions to the District Court in Park County. There, they argued that the Justice Court erred in granting the federal government's motion to quash the subpoena and refusing to hold the Forest Service employee in contempt. They argued that the consequent inability to present the ranger's necessary testimony prejudiced their defenses. The District Court affirmed the Justice Court.

¶5 Appellants subsequently filed the present direct appeals. In this Court, they argue that they received ineffective assistance of counsel (IAC) below. They argue that their attorneys rendered deficient representation by pursuing the contempt process in Justice Court rather than filing an action under the federal Administrative Procedure Act that would have been the proper means of challenging the federal government's refusal to provide the ranger's testimony.

¶6 Because Appellants' IAC claim is not record-based and therefore unable to be resolved on direct appeal, we affirm the District Court's order upholding the convictions. Postconviction proceedings in district court are the proper forum to resolve such claims in a manner that can explore and create a record regarding the attorneys' tactics.

¶7 Alleged ineffective assistance of counsel that derives from tactical decision-making or things like an attorney's "failure to familiarize him or herself with critical areas of the applicable law" falls within what this Court has delineated "non-record-based areas of

3

representation." *State v. White*, 2001 MT 149, ¶ 18, 306 Mont. 58, 30 P.3d 340. A successful IAC claim depends on overcoming the "strong presumption that counsel provided reasonable professional assistance," and when the record is silent on the reasons behind an attorney's decisions, "[w]e refuse to speculate on counsel's errors." *State v. Lewis*, 2007 MT 16, ¶ 21, 335 Mont. 331, 151 P.3d 883 (citing *State v. Daniels*, 2003 MT 247, ¶ 41, 317 Mont. 331, 77 P.3d 224). This Court has a basis for review on direct appeal when alleged IAC conduct is apparent in the record, such as a failure to object to improper evidence at trial or when "the record discloses why counsel took, or failed to take," relevant actions. *State v. Novak*, 2005 MT 294, ¶ 18, 329 Mont. 309, 124 P.3d 182. But "[t]he claimant must raise a claim of ineffective assistance of counsel in a petition for post-conviction relief if the allegation cannot be documented from the record." *Novak*, ¶ 18.

¶8     Here, Appellants' IAC claim hinges on their attorneys' alleged misapprehension of the applicable law regarding subpoenas and contempt orders for federal government witnesses. Although the record discloses what actions the attorneys took—challenging the federal government's motion to quash by seeking to hold the ranger in contempt—it is silent on the tactical rationale or legal misunderstandings. Appellants' claim rests on an argument that their attorneys rendered ineffective assistance by not pursuing the correct process in federal court to subpoena a federal employee. Such matters are more appropriate for consideration in postconviction proceedings, which can create a record sufficient to review the adequacy of Appellants' legal representation.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10     We affirm the District Court's March 12, 2020 order.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE