FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0265

DA 24-0265

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 268N

KEENYA WALKER, an individual,

      Plaintiff and Appellee,

  v.

SIDNEY WALKER, an individual,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 23-649
Honorable Andrew Breuner, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Sidney Walker, Self-Represented, Bozeman, Montana

     For Appellee:

        Keenya Walker, Self-Represented, Great Falls, Montana

Submitted on Briefs:  October 23, 2024

Decided:  November 12, 2024

Filed:

                           _____
                                  Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Sidney Walker (Sidney) appeals a Default Judgment entered in the Eighteenth Judicial District Court, Gallatin County. He contends (1) that he did not receive proper notice of the proceedings resulting in a due process violation; (2) that the District Court erred by failing to consider his requests for extension and fee waiver; and (3) that the District Court erred in granting "summary judgment," which we interpret to mean the default judgment. The District Court is affirmed.

¶3	This Court is forced to work from an extremely limited set of facts. The record before us consists of a three-page brief from Sidney and limited proceedings in the District Court. In June 2023, Keenya Walker (Keenya) sued Sidney for breach of contract; breach of implied covenant of good faith and fair dealing; promissory estoppel; and actual fraud. Summons were issued on June 30 and Sidney was served on July 23. On August 4, Sidney filed a request for fee waiver. On August 17, the District Court granted Sidney's request. On August 22, Sidney filed a request and supporting affidavit for time to obtain an attorney, and on October 18, the District Court granted Sidney's request, providing him until November 3, 2023, to file and serve a responsive pleading.

2

¶4 On October 16, Keenya filed an application for default judgment and entry of default based on Sidney's failure to respond within the time required by the Montana Rules of Civil Procedure. She requested a $47,382.92 judgment including actual damages as alleged in the complaint, fees and costs, and $25,000.00 in punitive damages. On November 13, Keenya notified the District Court that the default was ripe for review; due to Sidney's continued non-response, the application for default was deemed uncontested by operation of law. The District Court set a hearing for December 15. Sidney failed to appear. On March 25, 2024, the District Court entered a $30,165.91 default judgment against Sidney from which he appeals.

¶5 We do not have a defined standard of review for the direct appeal of a default judgment, as relief is typically sought first under M. R. Civ. P. 60(b), where a defendant who has failed to respond or otherwise defend can more fully develop the district court record. There are two main standards of review for the more typical review of a motion to set aside default judgment. We review a district court's grant of a motion to set aside default judgment for manifest abuse of discretion, and denial of such a motion for "only a slight abuse of discretion" because of our preference for litigated cases to be decided on the merits. *Carter v. Badrock Rural Fire Dist.*, 2021 MT 280, ¶ 11 n.3, 406 Mont. 174, 512 P.3d 241; *Whitefish Credit Union v. Sherman*, 2012 MT 267, ¶ 7, 367 Mont. 103, 289 P.3d 174. We need not resolve an exact standard of review for the direct appeal of a default judgment in this case because the District Court did not abuse its discretion even under the higher "slight abuse of discretion" standard.

3

¶6     Under M. R. Civ. P. 55, a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Unless the plaintiff's claim is for a sum certain, "the party must apply to the court for a default judgment . . . . If the party against whom a default is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." M. R. Civ. P. 55(b)(2).

¶7     It is undisputed that Keenya sought affirmative relief against Sidney, that Sidney failed to plead or otherwise defend, and that Sidney was served with Keenya's application for default judgment—by mail—on October 16, 2023, well before the hearing and over five months ahead of when the District Court ordered the default judgment. Thus, we find that the District Court did not even "slightly" abuse its discretion in ordering the default judgment.

¶8     Turning to Sidney's remaining arguments, the assertion that the District Court did not consider his fee waiver and extension requests is belied by the record. Each of these requests was duly granted. Nor does Sidney have a valid argument that he did not receive notice. The record indicates that Sidney was served—by mail, to an address consistent with his own filings—as required. He asserts that the clerk of court used an incorrect email address "despite having the correct email on file," and that "[u]pon investigation, the clerk's office confirmed the error in communication." However, Sidney provides no information to support this alleged error or investigation, nor is it supported elsewhere in

4

the admittedly sparse record. "Appeals can only be taken on the record made, not on the record which should have been made." *State v. Lewis*, 2007 MT 16, ¶ 13, 335 Mont. 331, 151 P.3d 883 (internal quotation omitted). Based on the record made, we cannot indulge these arguments.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE