No. 01-183

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 299

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CHERI L. LAWRENCE,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable G. Todd Baugh, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Kristina Guest, Appellate Defender's Office, Helena, Montana

For Respondents:

Honorable Mike McGrath, Attorney General; Pamela D. Bucy,

Assistant Attorney General, Helena

Dennis Paxinos, County Attorney, Billings, Montana

Submitted on Briefs: August 30, 2001

Decided: December 28, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Cheri Lawrence pled guilty to Issuing a Bad Check (felony) (common scheme), in violation of §§ 45-6-316 and 45-2-101(7), MCA, in 1999, pursuant to a plea agreement in which the State agreed to recommend a three-year suspended sentence. The Thirteenth Judicial District Court, Yellowstone County, rejected the State's recommendation and sentenced Lawrence to the Department of Corrections (DOC) for five years with two years suspended. In October 2000, Lawrence filed a pro se petition for postconviction relief, alleging ineffective assistance of counsel. The District Court denied the petition. We remand for an evidentiary hearing.

¶2 We restate the issue on appeal as:

¶3 Was Lawrence's guilty plea involuntary due to ineffective assistance of counsel?

## FACTS AND PROCEDURAL BACKGROUND

¶4 On June 16, 1999, Cheri Lawrence was charged with Issuing a Bad Check. The Information alleged that between January and April 1999, Lawrence issued or delivered over $4000 of checks to numerous Yellowstone County businesses, as part of a common scheme, upon a real or fictitious depository, knowing that the checks would not be paid. A public defender was appointed to represent Lawrence.

¶5 In October, Lawrence signed an Acknowledgment of Waiver of Rights by Plea of Guilty which contained the terms of a plea agreement, and she pled guilty. The State agreed to recommend a three-year suspended sentence, agreed to withdraw the persistent felony offender notice, and indicated it would seek restitution. The waiver stated that the agreement was nonbinding and that Lawrence would not be entitled to withdraw her plea if the court rejected the agreement. At the change of plea hearing, the court questioned

Lawrence concerning her understanding of the maximum possible penalties and the ramifications of a nonbinding plea agreement.

¶6 The court sentenced Lawrence in February 2000, rejecting the State's recommendation. The court sentenced Lawrence to DOC for five years with two years suspended. Lawrence did not appeal.

¶7 In October 2000, Lawrence filed a pro se petition for postconviction relief, alleging that her guilty plea was not voluntary because she entered her plea based on incomplete and misleading information from her public defender. She claimed that her attorney and the prosecutor met with the judge and that the judge told them that he would not follow the proposed plea agreement but would sentence Lawrence above the recommended sentence. Lawrence alleged that she received ineffective assistance of counsel when her attorney, knowing that the judge would not follow the agreement, advised her to enter into the plea agreement and plead guilty.

¶8 The District Court, without holding an evidentiary hearing and "taking as true all that Ms. Lawrence alleged in her petition," denied the petition on the merits. The court found that Lawrence was advised by the judge at the change of plea hearing that the plea agreement was nonbinding and that she could be sentenced to a more severe sentence. The court further found that Lawrence "suffered no harm by reason of anything her attorney did or did not do because the judge that took the change of plea specifically advised Ms. Lawrence that a more severe sentence" could be imposed. This appeal followed.

## DISCUSSION

¶9 Was Lawrence's guilty plea involuntary due to ineffective assistance of counsel?

¶10 We review a district court's denial of a postconviction relief petition to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Turner*, 2000 MT 270, ¶ 47, 302 Mont. 69, ¶ 47, 12 P.3d 934, ¶ 47. Claims of ineffective assistance of counsel, however, are mixed questions of law and fact, and, therefore our review is de novo. *Turner*, ¶ 47.

¶11 Lawrence argues that her counsel's failure to fully inform her that the judge intended to reject the plea agreement and sentence her above the plea agreement amounted to deficient performance. Lawrence acknowledges that she understood the plea agreement

was not binding on the court; however, she claims that she was entitled to be fully informed by her attorney before making the decision to change her plea.

¶12 A defendant is authorized to withdraw her guilty plea for good cause shown. Section 46-16-105(2), MCA. The "good cause" requirement is satisfied if a petitioner can show that counsel was ineffective. *Turner*, ¶ 52. In evaluating challenges to a guilty plea based on ineffective assistance of counsel, we look to the two-part test found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Turner*, ¶ 53. First, the defendant must show that counsel's performance was deficient in that counsel failed to act within the range of competence demanded of attorneys in criminal cases. *Turner*, ¶ 54. Next, the defendant must show that the deficient performance prejudiced the defense. The defendant must show a reasonable probability exists that, but for counsel's errors, he would not have pleaded guilty but insisted on going to trial. *Turner*, ¶ 65.

¶13 In this case, the District Court did not hold an evidentiary hearing on Lawrence's ineffective assistance of counsel claim, but concluded that she was not prejudiced because she was informed by the judge at the change of plea hearing that the court could reject the plea agreement. We disagree.

¶14 We have held that failure to fully inform a defendant of the consequences of her or his options and rights concerning the advisability of a plea may constitute ineffective assistance of counsel. *Hans v. State* (1997), 283 Mont. 379, 942 P.2d 674.

¶15 If Lawrence's counsel knew that the judge intended to reject the plea agreement and did not inform Lawrence of that, she may have a valid ineffective assistance of counsel claim.

¶16 Unfortunately, because the District Court did not hold a hearing on this matter, this Court cannot review Lawrence's claim because we have no record to consult other than the allegations in Lawrence's petition. Therefore, we remand this case to the District Court for an evidentiary hearing for resolution of these factual issues.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE