FILED

05/05/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0528

DA 18-0528

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 113N

EYNETTE LEA PETERSON,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 17-1811
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Eynette Peterson, Self-Represented, Billings, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

Scott Twito, Yellowstone County Attorney, Ingrid Rosenquest, Deputy
County Attorney, Billings, Montana

Submitted on Briefs: January 8, 2020

Decided: May 5, 2020

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Representing herself, Eynette Lea Peterson appeals an August 14, 2018 Order denying her petition for postconviction relief, entered in the Thirteenth Judicial District Court, Yellowstone County. Peterson has three underlying criminal matters that were the basis of a 2017 global plea agreement. We affirm.

¶3 In July 2015, the State filed a petition to revoke Peterson's five-year suspended sentence imposed in 2007 for a negligent homicide conviction. The Honorable Ingrid Gustafson, then a district judge, issued a bench warrant. Peterson was arrested, appeared with counsel before the court, bond was reduced, and Peterson was released.

¶4 Shortly thereafter, Peterson was arrested for another probation violation and released on October 27, 2015. The District Court set a hearing on the violations for November 13, 2015, and, when Peterson did not appear, another bench warrant was issued. As a result, the State charged Peterson with bail-jumping and another warrant for her arrest was issued.

¶5 When Peterson was arrested on both warrants May 21, 2016, she had drugs and drug paraphernalia in her possession. Consequently, the State filed its Second Amended Petition to Revoke. Peterson bonded out May 27, 2016. Peterson was arrested again on

2

June 1, 2016; served just over a month in jail; posted bond; and then was arrested for driving under the influence. On July 19, 2016, the State filed its Third Addendum to the Petition to Revoke.

¶6      On January 6, 2017, Peterson appeared before Judge Gustafson and stated she wished to change her plea and to continue to have counsel represent her. Pursuant to a global plea agreement, Peterson changed her plea to guilty on the bail-jumping and felony drug possession charges a week later. On April 14, 2017, Judge Gustafson sentenced Peterson consistent with the plea agreement. Peterson received a ten-year sentence to the Montana Women's Prison, followed by a suspended five-year sentence to the Department of Corrections. Peterson did not appeal.

¶7      Peterson, with counsel, filed a petition before the Sentence Review Division but later asked that it be dismissed because she intended to seek postconviction relief. On December 7, 2017, Peterson filed her petition for postconviction relief in the District Court. Peterson alleged ineffective assistance of counsel (IAC) asserting counsel never reviewed discovery with her and that her requests for new counsel went unanswered. Peterson also asserted that Judge Gustafson was biased and should have recused herself. The District Court directed the State to file a response to Peterson's petition. The State obtained a *Gillham*[1] Order and an extension of time to file its response. The District Court issued its Order denying Peterson's petition on August 14, 2018. Peterson appeals.

---

[1] *See In re Gillham*, 216 Mont. 279, 281, 704 P.2d 1019, 1020 (1985) ("In order that a court faced by a petition such as Gillham's can ensure even-handed justice in criminal adjudications, it must have access to the truth of the allegations.").

3

¶8    This Court reviews a court's denial of a petition for postconviction relief, determining whether its findings of fact are clearly erroneous and whether its conclusions of law are correct. *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118. "We review discretionary rulings in post[]conviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *Heath*, ¶ 13 (citation omitted). "A petitioner seeking to reverse a district court order denying postconviction relief based on IAC bears a heavy burden." *Haagenson v. State*, 2014 MT 223, ¶ 8, 376 Mont. 239, 332 P.3d 268 (citing *McGarvey v. State*, 2014 MT 189, ¶ 14, 375 Mont. 495, 329 P.3d 576).

¶9    Claims of IAC present mixed questions of law and fact that we review de novo. *Heath*, ¶ 13; *Haagenson*, ¶ 8. This Court has adopted the two-part test of the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), when considering IAC claims. The two parts include: (1) a showing by the defendant, such as Peterson, that her counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defendant and her defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Haagenson*, ¶ 10.

¶10    The State points out, and we agree, that Peterson has raised either unsupported or new arguments for the first time on appeal. Peterson alleges that she had a sexual relationship with her first appointed attorney which compromised her decision-making ability. Peterson makes two new additional allegations concerning her claim that her third attorney failed to communicate. She contends that her counsel was ineffective because she did not pursue a motion to substitute the Judge and because her counsel knew of the sexual

4

relationship with her former attorney. The State notes that these allegations were not part of her original petition. Section 46-21-105(1)(a), MCA. Upon review of a record on appeal, we do not consider arguments, which were not raised in District Court. *State v. Akers*, 2017 MT 311, ¶ 10, 389 Mont. 531, 408 P.3d 142. "Generally, 'a reviewing court can consider only those issues that are properly preserved for its review.'" *Akers*, ¶ 12 (citation omitted). "We do not consider unsupported arguments; nor do we have an obligation to formulate arguments or locate authorities for parties on appeal." *Herman v. State*, 2006 MT 7, ¶ 22, 330 Mont. 267, 127 P.3d 422. We consider the aforementioned allegations of IAC either unsupported or a newly raised argument on appeal. We will not consider these arguments.

¶11 Peterson also contends that she should have been given an evidentiary hearing on her petition for postconviction relief by the District Court. A district court has discretion to determine whether a hearing on the petition for postconviction relief is necessary. Here, the District Court addressed Peterson's claims on the merits without a hearing. *Heath*, ¶ 21. We conclude that the District Court did not abuse its discretion when it ordered a response to Peterson's petition but did not hold an evidentiary hearing. Section 46-21-201(1)(a), MCA; *Heath*, ¶ 13.

¶12 Peterson next argues counsel was ineffective for failing to communicate and to advise Peterson of her required presence at hearings. She represents she did not understand the discovery and counsel failed to adequately explain it to her. Although Peterson acknowledges that she received copies of discovery, she argues that receipt of the discovery does not equate to understanding it. The State contends that Peterson's claims lack merit

5

because Peterson's counsel communicated consistently with Peterson and provided her with discovery at least two times. The State contends that Peterson provides only unsupported allegations which contradict her testimony during her change of plea hearing. That testimony is as follows:

> COURT: And are you satisfied with the services of your attorney?
> DEFENDANT: Yep.
> COURT: Yes?
> DEFENDANT: Yes.

¶13 Respecting Peterson's claim that she did not understand the discovery, the transcript from the change of plea hearing proves dispositive:

> COURT: Okay. Have you had sufficient time to review all of the police reports and discovery in your respective cases and discuss those cases with your attorney?
> DEFENDANT: Yeah. Yes, I have.
> COURT: Have you had the opportunity to talk with your attorney about the risks and benefits of going to trial versus entering this global agreement?
> DEFENDANT: I have.
> COURT: Do you believe that you are making the best choice you can with the alternatives in front of you?
> DEFENDANT: Ah, (pause), yes.

The District Court was correct in denying Peterson relief on claims related to Peterson's receipt and understanding of discovery.

¶14 Next, Peterson alleges IAC because she did not receive a different attorney when she requested one. As stated above, Peterson was given the chance to remark about her counsel's services during the change of plea hearing. She did not do so.

¶15 Peterson has failed to show any deficiency in counsel's performance. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. "To prevail on an IAC claim, the defendant

6

must satisfy both prongs of the *Strickland* test. A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Haagenson*, ¶ 10 (citing *Stock v. State*, 2014 MT 46, ¶ 12, 374 Mont. 80, 318 P.3d 1053 (other citations omitted)).

¶16 Finally, Peterson alleges Judge Gustafson was biased against her because she presided over Peterson's 2007 conviction and her dependency and neglect proceedings. Peterson argues Judge Gustafson should have recused herself.

¶17 Judge Gustafson did not have a disqualifying conflict because the alleged bias and prejudice do not stem from an extrajudicial source.

> Knowledge about matters in a proceeding that has been obtained by a judge within the proceeding itself *or within another legal proceeding* is permissible and does not call for disqualification. Therefore, presiding over a civil case does not disqualify the judge from presiding over the criminal case even if it is the same matter.

*State v. Strang*, 2017 MT 217, ¶ 26, 388 Mont. 428, 401 P.3d 690 (citing Charles Gardner Geyh et al., Judicial Conduct and Ethics § 4.10, 4-42 (5th ed. 2013)) (emphasis in original) (citations omitted).

¶18 We conclude that the District Court's findings of fact are not clearly erroneous and its conclusions of law are correct. *Heath*, ¶ 13. The District Court's decision to deny Peterson's postconviction relief petition without a hearing was not an abuse of discretion. *Heath*, ¶ 13. We further conclude that Peterson has not met her burden of persuasion regarding her claims of ineffective assistance of counsel or that Judge Gustafson should have recused herself. *Haagenson*, ¶ 10; *Strang*, ¶ 26.

7

¶19    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

Justice Ingrid Gustafson did not participate in the decision of this Court.