FILED

11/24/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0686

DA 19-0686

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 296N

CHRISTOPHER JAMES MICHELOTTI,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                      In and For the County of Yellowstone, Cause No. DV 19-565
                      Honorable Jessica T. Fehr, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Christopher James Michelotti, Self-Represented, Adelanto, California

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
                Attorney General, Helena, Montana

                Scott D. Twito, Yellowstone County Attorney, Ed Zink, Deputy Chief
                County Attorney, Billings, Montana

                            Submitted on Briefs:  October 14, 2020

                                  Decided:  November 24, 2020

Filed:

                                  _____
                                          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On December 3, 2014, Christopher James Michelotti was charged with one count of aggravated burglary pursuant to § 46-18-201, MCA, a felony, and five counts of assault with a weapon pursuant to § 46-18-201, MCA, all felonies.

¶3 On February 17, 2016, following a jury trial, Michelotti was convicted of one count of aggravated burglary and four counts of assault with a weapon. Significant evidence—including extensive testimony from victims and officers—was presented at trial regarding allegations about the incidents on May 11, 2014. Up until the sentencing hearing on September 26, 2016, Michelotti was represented by James Siegman (Siegman). In the presentence investigation report, Michelotti asserted that he had not been fairly represented at trial and alleged ineffective assistance of counsel (IAC) regarding Siegman. Prior to the sentencing hearing, Siegman filed a motion requesting that the District Court conduct a hearing to determine whether Michelotti was entitled to new counsel.

2

¶4　On May 11, 2016, the court held a "*Finley*"[1] hearing to address Michelotti's claims about his counsel. At the hearing, Michelotti asserted that Siegman failed to file a motion for a new trial based on a disclosure violation which was based on prosecutorial failure to provide Siegman with the results from a gunshot residue (GSR) swab, that Siegman failed to call a witness at trial, and that Siegman had a conflict of interest because of a personal experience with a home invasion. The District Court determined that communication between Siegman and Michelotti had broken down significantly, such that alternate counsel needed to be assigned. The court told Michelotti that if the alternate counsel advised Michelotti in a similar manner to Siegman, it would not automatically lead to a valid ineffective assistance of counsel claim.

¶5　On September 26, 2016, Cammi Woodward (Woodward) represented Michelotti at the sentencing hearing. Woodward stated that Michelotti objected to any restitution payments as he still maintained his innocence. The District Court decided Michelotti's sentence based on the violent nature of the crimes and his other criminal history. Michelotti was sentenced to 40 years in Montana State Prison for the conviction of aggravated burglary and 20 years for each count of assault with a weapon. The sentences for the assault charges were ordered to run concurrently with each other, but consecutive to the sentence for the aggravated burglary charge, effectively sentencing Michelotti to 60 years in Montana State Prison.

---

[1] In *Finley*, we held that when a trial court determines that the conflict between a client and counsel results in a breakdown of communication or if counsel fails to provide effective assistance then new counsel should be appointed. *State v. Finley*, 276 Mont. 126, 915 P.2d (1996).

¶6 Michelotti appealed his convictions arguing: (1) that the District Court abused its discretion by admitting evidence of his gang affiliation, (2) that the District Court erred by denying his motion for mistrial, and (3) that the evidence at trial was insufficient to support one of his assault with a weapon convictions. We affirmed. *State v. Michelotti*, 2018 MT 158, 392 Mont. 33, 420 P.3d 1020.

¶7 On May 13, 2019, Michelotti filed a petition for post-conviction relief arguing: (1) that his attorney, Siegman, was ineffective due to multiple conflicts of interest, (2) that evidence from the GSR swab was wrongfully withheld, and (3) that his attorney should have objected to prosecutorial misconduct. On August 1, 2019, Siegman filed an affidavit with detailed responses to Michelotti's claims against him. The State also filed a response in opposition to Michelotti's petition arguing that the court should dismiss the petition without a hearing.

¶8 On October 25, 2019, the District Court dismissed Michelotti's petition without a hearing. Michelotti appeals.

¶9 Michelotti argues on appeal that his counsel was ineffective for failing to obtain results from a GSR swab, failing to obtain fingerprint evidence, and conflicts of interest. He further contends that the State's failure to test the GSR swab and provide him the results violated his due process rights.

¶10 We review a district court's denial of a post-conviction relief petition to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Maldonado v. State*, 2008 MT 253, ¶ 10, 345 Mont. 69,

4

190 P.3d 1043 (citation omitted). IAC claims are mixed questions of law and fact and are reviewed de novo. *Maldonado*, ¶ 10.

¶11 Michelotti argues on appeal that Siegman was ineffective because of his failure to obtain GSR test results and his failure to obtain fingerprint evidence from the guns in the case. Michelotti also argues that Siegman was ineffective because of Siegman's own experience with a home invasion.

¶12 Michelotti's claims of IAC are inadequate. We use a two-prong test in assessing IAC claims. *Heath v. State*, 2009 MT 7, ¶ 17, 348 Mont. 361, 202 P.3d 118; *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under the test from *Strickland*, a defendant must establish that their counsel was deficient and that the deficient performance was prejudicial and deprived the defendant of a fair trial. *Heath*, ¶ 17 (citations omitted). It is not sufficient to find merely that an attorney could have done a better job, or that the defendant had suffered some prejudice. *State v. Hagen*, 2002 MT 190, ¶ 23, 311 Mont. 117, 53 P.3d 885. Nor is it sufficient to provide conclusory allegations without evidence. *Hagen*, ¶ 19 (citations omitted).

¶13 Michelotti did not establish that his attorney's actions were deficient; rather, he provided a myriad of claims which, when analyzed individually, involved decisions that were either within Siegman's own discretion as counsel or presented facts outside of Siegman's control. Siegman provided the court with a detailed affidavit outlining his reasoning for the decisions he made in his course of representation. Siegman also explained that the home invasion he experienced 25 years prior was significantly different

5

and less serious than what occurred in this case. Michelotti has not met his burden of showing deficient performance.

¶14 The balance of Michelotti's arguments should have been raised on direct appeal. Section 46-21-105(2), MCA. Section 46-21-105(2), MCA, provides that: "When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter." Michelotti, who appealed his convictions, cannot now raise issues that he could have reasonably raised on direct appeal. *State v. Baker*, 272 Mont. 273, 281, 901 P.2d 54, 58 (1995). In his direct appeal, Michelotti argued (1) that the court abused its discretion in admitting evidence that he was affiliated with a gang, (2) that the court erred by denying his motion for mistrial, and (3) that the evidence presented by the State was insufficient to support one of his convictions. Michelotti had the opportunity to raise the issue of the State allegedly suppressing evidence in his direct appeal. Michelotti first makes this claim in the present appeal, and it is barred.

¶15 This District Court did not abuse its discretion in dismissing Michelotti's petition without a hearing. Michelotti's petition failed to state a claim for relief under § 46-21-104, MCA.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶17    Affirmed.


                                        /S/ MIKE McGRATH


We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE