DA 21-0616

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 155N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ANTHONY THOMAS DISHON,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Seventh Judicial District,
                  In and For the County of Richland, Cause No. DC-21-06
                  Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      James M. Siegman, Attorney at Law, Jackson, Mississippi

      For Appellee:

      Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
      Attorney General, Helena, Montana

      Charity McLarty, Richland County Attorney, Sidney, Montana

Submitted on Briefs:  July 12, 2023

Decided:  August 15, 2023

Filed:

                                  Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Anthony Thomas Dishon appeals the Seventh Judicial District Court's denial of his motion to withdraw two guilty pleas. Dishon argues for the first time on appeal that he did not enter voluntary pleas because the District Court did not tell Dishon the maximum possible sentences at his change of plea hearing and did not allow him to withdraw his pleas after it rejected the recommended sentence. Dishon further argues that he received ineffective assistance of counsel and that the court abused its discretion by not holding an appropriate hearing on his claim for ineffective assistance of counsel.

¶3 Review of the record persuades us that the court did not undermine the fundamental fairness of Dishon's proceedings. Dishon's ineffective assistance of counsel claim is not appropriate for review as it is not based on the record. We affirm, remanding only to fix the Judgment to reflect the oral proclamation of Dishon's sentence.

¶4 The State charged Dishon with a felony DUI on January 22, 2021. The State charged Dishon separately on January 27, 2021, with felony possession of dangerous drugs. The same attorney entered notices of appearance in both matters on behalf of Dishon. The State submitted two plea agreements for these cases on June 9, 2021. For the DUI, the

2

State and Dishon agreed to jointly recommend that Dishon receive a five-year suspended sentence to the Department of Corrections (DOC) and that he enroll in the Montana Seventh Judicial District DUI Treatment Court. The parties also recommended a $5,000 fine. This agreement, signed by Dishon and his counsel, acknowledged that the court was not bound by any sentencing recommendations and that Dishon received effective assistance of counsel. For the possession charge, the State and Dishon jointly recommended a three-year suspended sentence to the DOC and a "minimal" fine. The parties recommended that the sentence run concurrently with Dishon's DUI case. Like the agreement in Dishon's DUI case, the plea agreement for the possession charge stated that Dishon waived certain rights upon pleading guilty, and it affirmed his satisfaction with the services of his counsel. It also acknowledged that the District Court was not bound by the sentencing recommendation. Neither agreement set forth the maximum penalties for each offense.[1]

¶5 Dishon signed a waiver of his rights for each case on June 14, 2021. The waivers included a list of Dishon's rights, his expression of confidence in his attorney, and his acknowledgment that the signed plea agreements did not bind the District Court at sentencing. The waivers further included specific language that Dishon "underst[ood] the

[1] Dishon combined both his cases into a single appeal. The Court, however, received the District Court record for only Dishon's DUI case. The relevant parts of Dishon's possession charge are included in the District Court record for his DUI case because the court held one hearing and sentencing for both of Dishon's changes of plea. Dishon does not dispute the contents of the documents associated with the possession charge as represented by the State in its statement of facts that otherwise are not in the District Court record on appeal.

maximum penalty, including the effect of any penalty enhancement or special parole restriction[.]" The documents did not detail the potential maximum penalties that the court could impose.

¶6     Dishon pleaded guilty to both charges that same day. The court confirmed that Dishon did not suffer from any condition that prevented proceeding with the change of plea hearing and was not under the influence of alcohol, drugs, or prescription medication. The court also confirmed Dishon's state of mind when he signed the plea agreements and the waivers of his rights. For the DUI, the court asked whether Dishon understood the maximum possible sentences available by law and that the court could impose the maximum sentences regardless of the recommendations found in the plea agreements. Dishon affirmed that he understood. The court asked whether Dishon understood that it could sentence him to the maximum sentence allowable for the possession charge. Dishon affirmed that he understood. The court then asked if it needed to repeat Dishon's rights; Dishon declined. The court accepted his pleas as voluntary. Dishon's counsel did not object to the manner of the hearing. Three days later, Dishon's counsel entered her notice of withdrawal due to her forthcoming retirement. Dishon was appointed new counsel.

¶7     Prior to sentencing, Dishon's newly appointed counsel requested that the court release Dishon from custody pending sentencing because he had been rejected from treatment court and the only remaining option under statute was commitment to the DOC for a thirteen-month residential alcohol treatment program. The court held a hearing on this request. Dishon testified he understood that he could face commitment for a minimum

4

of thirteen months and asked to be released so he could get his property and other affairs in order. The District Court denied Dishon's request.

¶8 On August 16, 2021, Dishon's counsel filed a motion to withdraw Dishon's guilty pleas and proceed to trial based on a letter that Dishon sent to him representing that his previous counsel misled Dishon into entering the plea agreements. The motion represented that Dishon was unaware of the direct consequences of his pleas and that his "previous counsel's advice fell outside the range of competence."

¶9 Following a hearing, the District Court rejected Dishon's motion to withdraw. It noted that Dishon signed waivers acknowledging his rights and affirming that he understood his possible sentences. The court also noted that Dishon verbalized his understanding at his change of plea hearing. The court proceeded to sentencing on September 13, 2021. For the DUI, the District Court sentenced Dishon to the DOC "for a period of not less than 13 months or more than two years for completion of a residential alcohol treatment program[,]" followed by a five-year suspended sentence, and it imposed a $5,000 fine. It sentenced Dishon to three years for the possession charge, all suspended. The written judgment, however, reflected that Dishon was sentenced to the Department of Corrections for three years with "none suspended."

¶10 We review de novo a court's ruling on a defendant's motion to withdraw a guilty plea to determine if the plea was voluntary. *State v. Muhammad*, 2005 MT 234, ¶ 12, 328 Mont. 397, 121 P.3d 521. We decline to consider unpreserved claims of error, however, unless we determine to invoke discretionary plain-error review. *State v. Favel*,

5

2015 MT 336, ¶ 13, 381 Mont. 472, 362 P.3d 1126. "We review claims of ineffective assistance of counsel *de novo*." *State v. Upshaw*, 2006 MT 341, ¶ 13, 335 Mont. 162, 153 P.3d 579 (citation omitted).

¶11 Dishon argues that we should vacate his sentences "due to abuse of discretion, ineffective assistance of counsel, plain error and/or cumulative error[.]" He divides his issues into claims about his changes of plea proceedings and whether his initial counsel provided ineffective assistance. We address these claims in turn.

*Dishon's Change of Plea Claims*

¶12 When pleading guilty, "a defendant waives numerous afforded constitutional rights and protections, and therefore the plea 'must be a knowing and intelligent choice among the alternative courses of action open to the defendant.'" *Muhammad*, ¶ 14 (citation omitted). Prior to entering the plea, the defendant "must be 'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel[.]'" *Muhammad*, ¶ 14 (quoting *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)). Montana law directs a court to determine that the defendant understands the maximum penalty provided by law before accepting a guilty plea. Section 46-12-210(1)(a)(iii), MCA. When reviewing whether the court erred in denying a motion to withdraw the plea because it was not voluntary, we examine "case-specific considerations." *Muhammad*, ¶ 14 (citation omitted).

¶13 Dishon maintains that the court's failure to inform him of the possible maximum penalties at his change of plea hearing rendered his pleas involuntary. The State counters

that we should not consider this argument because Dishon did not raise this issue before the District Court, arguing only that his counsel did not effectively communicate the consequences of the pleas to Dishon. "Unpreserved issues alleging violations of a fundamental constitutional right are reviewable under the common law plain error doctrine." *State v. Valenzuela*, 2021 MT 244, ¶ 7, 405 Mont. 409, 495 P.3d 1061 (citation omitted). Dishon must demonstrate that the alleged error implicated a fundamental right and "firmly convince this Court that failure to review the claimed error may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process." *State v. Akers*, 2017 MT 311, ¶ 10, 389 Mont. 531, 408 P.3d 142 (citations omitted).

¶14     Dishon claims that he was denied his fundamental right to a jury trial due to the court's failure to inform him of the maximum penalty. Our review of the record does not convince us, however, that the claimed error undermined the fairness of his proceedings. Although the District Court did not state the maximum sentences at the change of plea hearing, Dishon's waivers indicated that he understood the maximum penalties. *See* § 46-12-210(2), MCA (advising the defendant may be satisfied by the defendant "filing a written acknowledgement of the information" detailed in § 46-12-210(1), MCA). The court asked Dishon if he understood the penalties for the DUI and he said yes. The maximums were accurately stated in both of Dishon's Informations and in Justice Court proceedings prior to his cases moving to District Court. At all relevant times, Dishon was represented by counsel, who indicated no misunderstanding about the possible penalties.

7

There is no indication that the court's claimed error affected Dishon's decision to enter guilty pleas.

¶15 Dishon maintains that, regardless of his awareness of the maximum sentences by these other means, our precedent in *State v. Melone*, 2000 MT 118, 299 Mont. 442, 2 P.3d 233, required the court to first recite the maximum penalties to Dishon before accepting his changes of plea. In *Melone*, the defendant received notice from the State that he was being charged as a persistent felony offender; at his change of plea hearing, however, he was advised only of the penalties associated with his underlying offense, which did not include the persistent felony offender enhancement. *Melone*, ¶¶ 17-18. Although the prosecutor stated that the defendant "would still face the potential penalty as a repeat offender," neither the court nor the prosecutor informed the defendant of the maximum penalty that he faced as a persistent felony offender. *Melone*, ¶ 18. *Melone* does not demonstrate that failure to allow Dishon to withdraw his pleas because of the trial court's omission will result in a manifest miscarriage of justice. Dishon was not exposed to an enhancement or additional penalty upon conviction and had been made aware of the maximum sentence. Dishon was given an opportunity to be heard in court before he entered his pleas and told the court he understood the maximum penalty he faced. The record as a whole does not demonstrate that the District Court's acceptance of Dishon's pleas as a "knowing and intelligent choice among the alternative courses of action open to the defendant" undermined the fairness of the proceedings. *Muhammad*, ¶ 14.

¶16 Dishon also argues that the District Court should have let him withdraw his guilty plea in his DUI case at sentencing because it deviated from the joint recommendation when it sentenced him to the DOC for a residential alcohol treatment program rather than to a suspended five-year term subject to completion of treatment court. Again, this is an argument that Dishon makes for the first time on appeal. The District Court did not adopt in full the joint recommendation for the DUI sentence because Dishon had been rejected from treatment court. Under § 61-8-731(1)(a)(i), MCA (2019), the statute in effect at the time of Dishon's offense, the court was required to sentence Dishon to "an appropriate correctional facility or program for a term of not less than 13 months or more than 2 years" because he had multiple prior DUI convictions and had been rejected by treatment court.

¶17 Dishon has not demonstrated that the District Court compromised the integrity of the judicial process when it sentenced him according to statute without giving him the opportunity to withdraw his plea at sentencing. The plea agreement was clear that the recommendation was not binding on the court, and Dishon confirmed his understanding that the court could impose a different sentence. At the hearing for Dishon's motion to release prior to his sentencing, Dishon also confirmed his understanding that he likely would be subject to commitment with the DOC because he had been rejected from treatment court. Dishon was accompanied by counsel at this hearing who stated to the court that he understood the only statutory option after his rejection from treatment court was to sentence Dishon to the DOC. Dishon did not then argue in his motion to withdraw that he had been unaware of the threat of incarceration under the maximum penalties

available by statute in his DUI case. Dishon has not demonstrated that the fundamental fairness of his proceedings was compromised by this alleged error.

*Dishon's Ineffective Assistance of Counsel Claim*

¶18    Dishon admits that he "legally entered his guilty pleas in his cases, if the pleas were not due to ineffective assistance of counsel." Dishon argues that his first counsel rendered him ineffective assistance by failing to communicate the consequences of his changes of plea and by not conveying what could happen if he was rejected from treatment court. He contends that there are only two explanations for this miscommunication: (1) his counsel did not know that Dishon would go to a resident program rather than treatment court and could not advise Dishon on this possibility; or (2) his counsel knew he would go to the resident program but did not advise him on this possibility. He argues that either reason is sufficiently deficient and prejudicial because if his counsel "had been honest with [him] about what the treatment program was, how it worked, probation, [and] the chance of not being released after signing [the plea agreement]," then he would have gone to trial.

¶19    "[B]efore reaching the merits of an ineffective assistance claim, this Court must first determine whether the allegations are properly before the Court on appeal or whether the claim should be raised in a petition for post-conviction relief[.]" *Upshaw*, ¶ 33 (citation omitted). When a claim is based on facts of record, it must be raised on direct appeal. *Upshaw*, ¶ 33 (citation omitted). Conversely, if the record does not explain "why" counsel did or did not provide a certain action in the defense, the claim "is best suited for post-conviction proceedings." *Upshaw*, ¶ 33 (citation omitted). There is an exception to

10

this general rule if the record does not explain "why" counsel acted, but there is "no plausible justification" for counsel's actions. *Upshaw*, ¶ 34 (citation omitted).

¶20 At the District Court, Dishon argued that, but for his counsel's deficient performance in informing him of the consequences of his pleas, he would have proceeded to trial. The record, however, contains no conversation between Dishon and his first counsel regarding the maximum penalties in his cases, no evidence if she did or did not sufficiently discuss the maximum penalties with him, and no explanation why she did not object to the District Court omitting a recounting of the maximum penalties at Dishon's change of plea hearing. The record also fails to reflect whether counsel investigated Dishon's eligibility for treatment court or what discussions she may have had with Dishon about it.

¶21 Dishon submitted a letter attesting that his counsel would not "give [him] answers about what the DUI laws state"; she was not "familiar" with the DUI laws; her professional opinion was that Dishon would not likely succeed at trial; and that she believed the plea deal to be fair. Dishon maintains that she described a treatment program entirely different from what Dishon experienced. Dishon represented that he believed his counsel "pushed [him] to signing this plea by giving [him] false information about the details of the agreement and what was going to happen after [he] did sign it."

¶22 At his hearing to withdraw his changes of plea, the court asked why Dishon "execute[d] the Acknowledgment of Rights in which he represented to the [c]ourt that he understood everything," Dishon's new counsel answered, "I have no response. I wasn't

11

his counsel at the time . . . he must not have understood." Dishon's counsel explained that "[i]t seem[ed] like him and his previous attorney had some issues regarding communication . . . and it appears to me that he did not have full confidence in his previous attorney." Nothing in the record or at the hearing supported Dishon's claims against his first counsel. Further, there is a plausible explanation why Dishon's counsel did not request that the District Court review the maximum penalties with Dishon before accepting his pleas, as the record indicates Dishon had been advised of the maximum penalties. We decline to review the merits of this claim on direct appeal; it is not record-based and would be more appropriate to raise in a petition for postconviction relief. *See Upshaw*, ¶ 33.

¶23 Dishon argues that his ineffective assistance of counsel claim could be based on the record if the District Court had held an evidentiary hearing on his claim. He relies on our decision in *State v. Lawrence*, 2001 MT 299, 307 Mont. 487, 38 P.3d 809, to argue that the court should "have had a hearing on his motion that, in turn, would have created a record that left [this] Court with something more to review[.]" In *Lawrence*, we remanded a case to District Court for an evidentiary hearing on an ineffective assistance of counsel claim. *Lawrence*, ¶ 16. Lawrence had pleaded guilty to issuing a bad check in 1999. *Lawrence*, ¶ 1. In 2000, she filed a pro se petition for postconviction relief, alleging ineffective assistance of counsel. *Lawrence*, ¶ 1. Without holding a hearing on the matter, the District Court denied the petition. *Lawrence*, ¶ 1. Without a hearing, this Court could not review Lawrence's claim because there was no record to consult other than the allegations that she made in her petition. *Lawrence*, ¶ 16. Dishon's case is not like *Lawrence*. The court did

12

hold a hearing on Dishon's motion to withdraw his guilty pleas after he asserted ineffective assistance of counsel. At this hearing, Dishon presented no evidence other than a letter to his new attorney complaining about his previous attorney's lack of communication.

¶24 Dishon argues that all these alleged issues amount to cumulative error. "Mere allegations of error without proof of prejudice are insufficient to satisfy the cumulative error doctrine." *State v. Grant*, 221 Mont. 122, 137, 717 P.2d 562, 572 (1986). Because we did not find plain error in the District Court's acceptance of Dishon's guilty pleas or in its denial of his motion to withdraw these pleas, we cannot conclude that cumulative error prejudiced Dishon's right to a fair trial. *See Grant*, 221 Mont. at 137, 717 P.2d at 572. Dishon's claims of involuntariness rest on his allegations of ineffective assistance, which are not appropriate for consideration on direct appeal.

¶25 Finally, the State concedes that the matter must be remanded to amend the Sentence and Judgment to appropriately reflect the oral sentence. The sentence orally pronounced from the bench is the legally effective sentence when it conflicts with the written judgment and the written judgment imposes a harsher punishment. *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9. The District Court orally sentenced Dishon to three years, all suspended, for his possession charge. The Judgment must be amended to reflect the oral sentence, rather than three years, "none suspended."

¶26 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

13

applicable standards of review.  Dishon has not established plain error in the District Court's acceptance of his pleas as voluntary or its rejection of his motion to withdraw his pleas.  We affirm his convictions, without prejudice to pursuing his ineffective assistance claim in a postconviction petition.  The case is remanded to amend the written Judgment to conform with the oral pronouncement of sentence.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR